MEADOR *v.* DOLLAR STORE, et al.

May 4, 1953

No. 38753          30 Adv. S. 14          64 So. 2d 574

*Berger & Callon,* for appellant.

*Brandon, Brandon, Hornsby & Handy,* for appellees.

ETHRIDGE, J.

This is a workmen's compensation claim for hernia. We affirm the denial of the claim, because appellant

failed to comply with one of the statutory tests which are conditions precedent to the compensability of hernias.

The provision in question (Miss. Laws 1948, Chapter 354, Section 8 (f), as amended by Miss. Laws 1950, Chapter 412, Section 6 (f) states:

"In all cases of claim for hernia, it shall be shown by a preponderance of the evidence: . . .

"5. That the physical distress following the descent or protrusion of the hernia or rupture was such as to require the attendance of a licensed physician or surgeon within five (5) days after the injury for which compensation is claimed. . . ."

Joseph C. Meador, appellant, was employed as a shoe salesman in the appellee's retail store known as "The Dollar Store" in Natchez. The other appellee is the insurance carrier, St. Paul-Mercury Indemnity Company. Meador was working there during the week of Monday, December 11 to Saturday, December 16, 1950. Appellant did not remember the exact date of his injury, but said that it occurred during that week probably on Tuesday or Wednesday, December 12 or 13. He testified that he was in the process of taking care of the shoe stock in the warehouse, and in order to do so, he had to lift cases of shoes which weighed from 25 to 100 pounds. While doing this a "terrible pain" hit him in his right side. The pain was very severe and he became sick at the stomach. He was alone at the time, so he sat down for three or four hours before he felt like getting up. He tried to work some more but couldn't do much for the rest of that day. The record is not clear as to whether appellant worked any more during the week of the injury, but it indicates, from the testimony of N. W. Bankston, manager of the store, and of appellant, that appellant did not come back to work after the day of his injury until the first week in January.

Appellant testified that on the day of his injury he told some fellow employees about it, but that he sent no

notice to any officer of The Dollar Store of his injury until December 23, which was ten or eleven days after the injury; that on December 23 he sent a verbal message of his injury to Alvin Laub by the store's colored porter, Robert Hinds. Laub, one of the owners of the store, said that shortly before Christmas his porter came in and told him that appellant said ''he was ruptured, or thought he was ruptured.''

On December 21 appellant became sick with the flu. He testified that his illness with the flu lasted from December 21 to 29. After appellant contracted the flu Dr. R. H. Barnes came to his house on December 21 to examine him. The purpose of the doctor's visit was to treat appellant for the flu, but the doctor stated that at that time appellant complained of pain in his right side. Appellant was then flat on his back, and the doctor said that a hernia would not protrude in that position. The doctor told appellant to come to his office for a further examination when he recovered from the flu. On December 29 appellant went to the physician's office, and the hernia was then found.

A hearing was had on appellant's claim for compensation before an attorney-referee, who denied compensation and found that the claimant did not comply with the requirements of Section 8 (f) of the Mississippi Workmen's Compensation Act. This order was affirmed by the Workmen's Compensation Commission and by the Circuit Court of Adams County.

It is not necessary for us to consider here whether the requirements of paragraphs 1 through 4 of Section 8 (f) were complied with. See Lucedale Veneer Co. v. Rogers, 211 Miss. 613, 48 So. 2d 148 (1950), suggestion of error overruled, 211 Miss. 623, 53 So. 2d 69 (1951); T. H. Mastin & Co. v. Mangum, 9 Adv. S. 45, 61 So. 2d 298 (1952). Paragraph 5 provides that a claimant must show by a preponderance of the evidence ''that the physical distress following the descent or protrusion of the hernia or rupture was such as to require the attendance

of a licensed physician or surgeon within five days after the injury for which compensation is claimed.'' The 1948 Act, Section 8 (f), required the attendance of a physician ''within forty-eight (48) hours after such occurrence'' of hernia. The 1950 amendment, applicable here, extended that period to ''five (5) days after the injury.'' The undisputed facts show that appellant was injured on December 12 or 13, and that he did not have a physician attend or examine him until December 21, eight or nine days after the injury. The doctor's visit was occasioned by appellant complaining of the flu, and not of a hernia, although on that visit appellant complained also of a severe pain in his right side. However, we will assume that the physician's examination of December 21 constitutes the ''attendance'' of a physician within the statute. But that event did not occur within five days after the appellant's injury, as the statute requires, so appellant has failed to comply with this statutory test governing the basic compensability of hernias. 1 Larson, Workmen's Compensation Law (1952), Section 39.70.

In order to bring himself within this fifth requirement, appellant argues that he complied with it as far as was humanly and physically possible; that appellant went home and was placed in bed with the flu immediately after the severe pain in his side, and remained there until examined by the doctor on December 21 and again on December 29; and that the doctor testified that when he called on appellant on the 21st appellant had been ill with the flu about two or three days before that date. However, the record fails to show that appellant went to bed with the flu immediately after his injury on December 12 or 13, and fails to show that he remained there until examined by his physician on the 21st. Nor would that fact, if it existed, suffice as an excuse for failure to comply with the statutory requirement. It may be that the fifth requirement of the act, that there must be the attendance of a physician within five days

after the injury, is a difficult one for a claimant to meet, but that is a matter for the Legislature. We must interpret the statute as it is written.

This is not a question of notice of injury, which is dealt with in paragraph 4 of Section 8 (f). The Legislature, for reasons apparently related to the need for immediate medical diagnosis and the earliest possible investigation of facts surrounding the injury, requires in paragraph 5 that the physical distress following the hernia must be such as to require a physician's attendance within five days after the injury. The date of the injury was the date on which the disability manifested itself, December 12 or 13, according to appellant's own testimony. 1 Larson, Workmen's Compensation Law, Secs. 39.50 and 42.11. The attendance of a physician was not required until eight or nine days thereafter. The statute states that that event "shall" occur within five days after injury. We need not speculate as to whether some conceivable circumstances might constitute an excuse for the attendance of a physician occurring after the five-day period. Compare 2 Larson, Secs. 78.40-78.42, excuses for late notice or claim. It is sufficient here to observe that appellant's evidence fails to indicate any reason why paragraph 5 should not apply to him.

Affirmed.

*Roberds, P. J.,* and *Lee, Kyle,* and *Lotterhos, JJ.,* concur.