INZER, Justice:
This is an appeal by Biloxi Motor Company and Federated Mutual Insurance Company from a judgment of the Circuit Court of Harrison County, wherein that court affirmed an order of the Mississippi Workmen’s Compensation Commission awarding appellee, Russell M. Barry, workmen’s compensation as a result of an accidental industrial injury. This is a hernia case coming within a special category with different requirements than other compensation claims, and it is covered by the provisions of Mississippi Code Annotated section 6998-12 (Supp.1964).
Claimant, Russell M. Barry, a white male forty-three years of age, was employed by Biloxi Motor Company as a parts manager. He had been employed in this capacity for two and one-half years prior to June 10, 1964, the date of the injury which resulted in a hernia. He filed claim for compensation, and at the hearing before the attorney-referee, he was not represented by counsel. He entered into a stipulation with the attorney representing the employer-carrier that his statements and the statements of Mr. George B. Auter, theretofore taken by Mr. W. H. Smith on behalf of the employer-carrier, could be considered as evidence at the hearing, without the necessity of additional testimony. Claimant’s statement relative to his injury is as follows:
I was putting a shipment of oil away in its proper place. I was walking down the aisle with a case of one quart oil cans in my hand. I was holding them pretty high and for some reason they slipped and instead of letting them go, which would have probably landed on my foot, I tried to catch them and it hit me in the lower part of my body.
As a result of this accident, a hernia developed which began hurting on the same day, and on the following day, he reported to Mr. Auter, general manager of the Motor Company, that he had hurt himself. When asked to describe the pain, he said, “Well, I don’t know how to describe it. Actually what it was was the hernia trying to come out.” The hernia started protruding in three days and hurting him every day. After it started protruding, he showed the protrusion to Mr. Auter, and told him that it hurt; and if it didn’t get better, he was going to have to “see about it.” He had never suffered any injury prior to this occasion, and had never had a previous workmen’s compensation claim.
In answer to a question relative to whether the accident was reported, Mr. Auter stated, “Well, he told me on June *835 llth that he had a hernia and he was going to have to go to the doctor. He didn’t give me the details at that time. That was when he first mentioned it to me — on the llth. He said it happened on the 10th.” Mr. Auter said that claimant later gave him the details of how he hurt himself, and when asked if Barry complained about the hernia, he said, “Several times he said it seemed to be receding and getting better and that is when he thought it was going to be allright (sic) and then maybe he would lift something and strain a little and it would come out again and he’d say well I am going to have to go soon on this thing and in the next day or two it would go back in again. He thought it was getting better and he thought he wasn’t going to have to have surgery.”
At the hearing the attorney-referee questioned claimant to some extent, and it was established without dispute that he showed the protrusion to Mr. Auter within five days after the injury, and Mr. Auter made no comment regarding his sending claimant to a doctor, nor did he recommend a doctor.
Claimant continued to work every day after his accident until August 6, 1964, when he was hospitalized. He went to see a doctor on August 4, and the doctor recommended surgery, which was performed on August 7. The hospital report shows that when he was examined the physician found that he had a right inguinal hernia with chronic inflammation.
The attorney-referee found that claimant had proven that he sustained an accidental injury arising out of and in the course of his employment on June 10, 1964. He further found that the proof showed without question that items one, two, three, and four of section 6998-12 of the Code had been proven by a preponderance of the evidence. As to item five, he said, “As to item five of the hernia section it appears that claimant was in need of medical treatment within five days after the injury and that in view of the court’s decisions this claim is compensable.” This finding was approved by the Commission, and an appeal was taken to the circuit court, where it was affirmed. Appellants’ only assignment of error is that the claimant did not meet the burden of proof required under the law and that the order of the Commission and the circuit court was contrary to the overwhelming weight of the evidence and the law. The main contention under this assignment of error is that claimant failed to comply with requirement number five of section 6998-12 relative to having or requiring medical treatment within five days after the injury. The pertinent part of Mississippi Code Annotated section 6998-12 (Supp. 1964) is as follows:
That the physical distress following the descent or protrusion of the hernia or rupture was such as to require the attendance of a licensed physician or surgeon within five (5) days after the injury for which compensation is claimed. Post-operative hernias shall be considered as original hernias.
In every case of hernia or rupture as above defined, it shall be the duty of the employer forthwith to' provide the necessary and proper medical, surgical and hospital care and attention to effectuate a cure by radical operation of said hernia or rupture, and to pay compensation under the provisions of paragraph (b) of this section, not exceeding, however, a period of twenty-six (26) weeks.
Appellants rely on the case of Meador v. Dollar Store, 217 Miss. 447, 64 So.2d 574 (1953), and contend that this case is controlling. Meador was employed as a shoe salesman, and on December 13 while lifting a case of shoes, he felt a “terrible pain” in his right side. He was alone at the time, and after sitting down for three or four hours, tried to work the rest of the day. He did not return to work and did not notify his employer of his injury until December 23. During this period he had influenza, and on December 21 *836 called a doctor. The doctor did not notice a hernia at that time, but on December 29 Meador went to the doctor’s office, and the hernia was discovered. His claim was denied by the Commission, and the order of the Commission was affirmed by the circuit court. By virtue of the provisions of paragraph five of section 6998-12, we held that the physical distress following injury must be such as to require a physician’s attention within five days after the injury. We said:
The attendance of a physician was not required until eight or nine days thereafter. The statute states that that event ‘shall’ occur within five days after injury. We need not speculate as to whether some conceivable circumstances might constitute an excuse for the attendance of a physician occurring after the five-day period. Compare 2 Larson, Secs. 78.40-78.42, excuses for late notice or claim. It is sufficient here to observe that appellant’s evidence fails to indicate any reason why paragraph 5 should not apply to him. (217 Miss. at 451, 64 So.2d at 576.)
We next had before us the case of Lindsey v. Ingalls Shipbuilding Corp., 219 Miss. 437, 68 So.2d 872 (1954), which involved a hernia. Lindsey was injured on June 9, 1952, while lifting some heavy brackets. He felt a severe pain in his stomach and immediately thereafter felt a bulge to the right of his navel. He told one of the foremen on the job who was not his foreman about the injury. It was near quitting time, and he finished the day and went home. He was still having pain, and his wife called their family physician. The physician was out of town and would not be back for a week. Appellant stayed in bed until the following Monday week. He then went back to the plant and told his foreman that he had been injured and needed to see a doctor. He was sent to the hospital, and it was discovered that he had a hernia. We held that the claim was compensable, and said :
It should be noted that the statute does not require that the claimant prove that he was actually attended by a physician or surgeon within five days after the injury. The statute only requires that the claimant prove that the physical distress following the descent of the hernia was such as to require the attendance of a physician or surgeon within five days. The word ‘require’ is defined in Webster’s New International Dictionary as meaning: ‘To need; to be under a necessity; as, man requires to feed or to be fed; a fact requires to be stated.’ The word is also defined as meaning: ‘To demand or exact as necessary or appropriate; hence to want; to need; call for.’ It is in this sense, we think, that the word was used in the above mentioned statute. (219 Miss. at 442, 68 So.2d at 874.)
In discussing the Meador case, we said:
We think that the Meador case was correctly decided. But the decision rendered in that case is not controlling here. While there is language in the opinion in that case that tends to support the appellees’ contention in this case that a hernia injury is not com-pensable under our statute unless the proof shows the actual attendance of a licensed physician or surgeon within five days after the alleged injury, the court clearly indicated in its opinion that there might be cases in which the failure to prove the actual attendance of a licensed physician or surgeon within the five-day period would not preclude a recovery. (219 Miss. at 446, 68 So.2d at 876.)
We further said in the same opinion:
* * * The statute does not require that an injured employee in a hernia case be denied compensation merely because it is not shown that he was actually ac *837 tually attended by a licensed physician within the five-day period. If the legislature had intended to impose such requirement, it could have done so by the use of language that would have had that meaning. But the legislature did not use such language. This Court has held that the Workmen’s Compensation Law shall be liberally construed in favor of the injured employee; and, as stated by the Arkansas Court in the case of Williams Mfg. Co. [et al.] v. Walker, supra [206 Ark. 392, 175 S.W.2d 383], ‘The humanitarian objects of such laws should not, in the administration thereof, be defeated by overemphasis on technicalities —by putting form above substance.’ (219 Miss, at 477, 68 So.2d at 877.)
Appellants do not contend that this is a spurious claim; in fact, they admit that claimant was injured in the course of his employment and do not deny that he suffered a hernia as a result of his injury. They state in their brief that there is nothing in the record which indicates that claimant was anything but an honest and dedicated employee. They simply say that claimant did not meet the requirements of the statute by going to a physician within five days after his injury. The Commission found that claimant’s condition was such that he needed a physician within the five days. This finding necessarily included the finding that his physical distress was such that he needed or required the attendance of a physician within five days. This being true, we must look to the evidence to determine whether it justified the Commission in finding that claimant had met the burden of proof by the preponderance of the evidence. When asked to describe the pain, claimant described it as being that of a hernia trying to come out. He was not asked to elaborate upon this statement, and the subject was not pursued any further. Mr. Auter said that he complained to him about the hernia more than once within the five days. Appellants stress the fact that claimant continued to work each day after his injury, and did not actually go to see a physician until fifty-five days after his injury. This is a fact to be considered, but it is not controlling. Claimant was evidently a person who had a high tolerance for pain, and it is a well known fact that many people have a much higher tolerance for pain than others. Some are able to continue to work while undergoing severe pain, while others, under the same circumstances, would be unable to work. The question is, was claimant’s condition such that he needed the attendance of a physician within the five days. If it was, then the five requirements of the statute have been met. It then became the duty of the employer to immediately furnish him the necessary medical and surgical care. We are of the opinion that this evidence was sufficient to bring this case within the rule announced in Lindsey, supra. This being true, claimant had met the five requirements of the statute, and it became the mandatory duty of his employer to forthwith provide the necessary and proper medical, surgical and hospital care and attention to effectuate a cure by radical operation of the hernia. The employer never offered to furnish such medical or surgical care, and is now attempting to evade this duty. Therefore, the fact that claimant underwent the pain and inconvenience for fifty-five days before he sought medical care becomes immaterial.
It is the opinion of the writer, but not necessarily the opinion of the majority of the Court, that inasmuch as the employer knew within the five days that appellant had suffered an injury in the scope and course of his employment which resulted in a hernia, it then became the mandatory duty of the employer to furnish the necessary medical aand surgical care. However, the employer failed to do so, and such conduct amounts to a waiver or estoppel. The purpose of the strict requirements of the statute relative to hernia claims is to prevent spurious claims. It is the writer’s opinion that when an employer knows within the five days after an on-the-job injury that his employee has suffered a hernia as *838 a result of the injury, it takes the cause of the hernia out of the field of speculation and doubt, and puts it into the realm of certainty. I would hold that under such circumstances it then becomes the mandatory duty of the employer by virtue of the provisions of the statute to forthwith furnish the necessary medical and surgical care. If he fails to do so, he cannot later be heard to say that he has no duty to furnish medical care because the employee did not go to a doctor within the statutory five-day period.
The evidence in this case is sufficient to support the findings and the order of the Commission. The circuit court was not in error in affirming the order of the Commission, and therefore, this case must be affirmed.
Affirmed.
GILLESPIE, P. J., and RODGERS, JONES, and ROBERTSON, JJ., concur.