BRADY, Justice,
(dissenting).
With due deference to my colleagues who are in accord with the majority opinion, I am forced to dissent in three particulars. At the outset, it can be conceded that the Commission is the trier of facts and that its determination thereof is not to be disturbed if there is substantial evidence to support it and the result reached is not manifestly wrong.
The degree of requisite evidence of a claimant in a hernia case is greater than in other injury cases. Five essentials have been prescribed by the legislature and all must be established by a preponderance of the evidence. These five prerequisites to a valid claim are set out in Mississippi Code Annotated section 6998-12 (Supp.1964) as follows:
1.That the descent or protrusion of the hernia or rupture immediately followed as the result of sudden effort, severe strain or the application of force to the abdominal wall;
2. That there was severe pain in the region of the hernia or rupture;
3. That there has been no descent or.protrusion of the hernia or rupture prior to the accident for which compensation is claimed;
4. That the physical distress resulting from the descent or protrusion of the hernia or rupture was noticed immediately by claimant, and communicated to his employer within a reasonable time; and
5. That the physical distress following the descent or protrusion of the hernia or rupture was such as to require the attendance of a licensed physician or surgeon within five (S) days after the injury for which compensation is claimed. Postoperative hernias shall be considered as original hernias.
It is significant to note that the legislative enactments have strengthened the requirements for recovery in hernia cases. The legislature realized that the inherited tendency to sustain a hernia, together with the fact that an incomplete, inguinal hernia can and does occur in activities which are not occupational as readily as it does in those of employment, made it necessary for precautions to be taken to prevent the unscrupulous from asserting that they sustained a hernia in their employment when in fact it had occurred when they were not engaged in their employment. It was because of the ease with which spurious hernia claims had been and could be fabricated that the legislature deemed it wise and just that the five basic essentials be established by a preponderance of the evidence.
I submit that the evidence is insufficient to preponderantly establish that the claimant experienced “severe pain” as requirement (2) prescribed. There is no testimony of any pain whatsoever at the time of the hernia. Appellee made no statements of pain “like a bee sting,” no “burning sensation,” *839 or did he detail any other descriptive pain symptoms such as are reflected in the other hernia cases which have been reported. We do not have here any testimony of appellee having to sit or lie down for two or three hours because of pain, as was shown in Meador v. Dollar Store, et al., 217 Miss. 447, 64 So.2d 574 (1953), in which case the claim was denied for other reasons. No aspirin or alleviation of any kind is shown to have been taken prior to the time the hernia operation was performed on appellee. The testimony offered by the appellee is solely reflective and explanatory of what had transpired. It was not descriptive of any pain, or even discomfort, and did not describe the effect the injury had upon him or his activities. Compared to the pain testified to by the employees and what their acts were in response thereto in cases which have been reported, the case at bar is uniquely insufficient.
Considering the fifth requirement, that the physical distress following the descent or protrusion of the hernia or rupture was such as to require the attendance of a licensed physician or surgeon within five (5) days after the injury for which compensation is claimed, we find these undisputed facts. No one was present and saw the incident. No report whatsoever was made on June 10, 1964, the day claimant asserts he was injured. Any pain or physical distress experienced by claimant on June 10 was known only to him. The record discloses that on June 11 he mentioned it to Mr. Auter, general manager of appellant. His statement does not indicate physical distress:
Q. What did you say to Mr. Auter when you report(ed) the injury?
A. I just told him what I did. I told him it hurt That if I didn’t get better I was going to have to see about it.
This statement was made the day following the accident and shows per se that he was not sustaining severe pain or experiencing physical distress requiring the services of a doctor. The hernia had not descended or protruded at this time, and, according to appellee, did not do so until within three or four days subsequent to the accident.
It cannot be said with any certainty that Mr. Auter as a reasonable man should have known that appellee needed or was requesting the attention of a physician. The appel-lee himself stated, “if I didn’t get better, I was going to see about it.” The record wholly fails to show when the appellee exhibited his groin through his trousers to show his condition to Mr. Auter.
The record clearly discloses that app( ilee did not lose any time whatsoever from his work; that he did not see a doctor until some fifty-five days later, on August 4 or 5; that he worked until 12:30 P.M. on August 6, then went to the hospital and underwent an operation at 2:00 P.M.; that he has completely recovered, and returned to work on September 8, 1964.
The proof is insufficient to establish by a preponderance of the evidence that the physical distress of the appellee was such that subsequent to the descent of the hernia he required the services of a licensed physician within five days. The appellee admitted on cross-examination that he did not know when the hernia descended.
Q. When was the first time that you told Mr. Auter, insofar as you can recall, what happened to you?
A. Well, I don’t know what the date was, but that started protruding is when I asked him if he knew what a hernia was and that’s when I explained how it actually happened.
The proof of intense pain, and the physical distress offered in this case is purely subjective. The appellant is helpless to refute subjective statements which are not substantiated by any objective, concrete evidence. The legislature, in my opinion, did not contemplate that a preponderance of the evidence would be based solely on subjective proof.
*840 In Mcador v. Dollar Store, 217 Miss. 447, 64 So.2d 574 (1953), where there was a lapse of nine days between the date of injury and the time that Meador notified his employer that he had experienced a "terrible pain” in his right side, we held that the evidence failed to indicate any reason why paragraph (5) should not apply to him, and recovery was denied.
In Lindsey v. Ingalls Shipbuilding Corp., 219 Miss. 437, 68 So.2d 872 (1954), the case cited by the majority opinion as controlling and on which that decision rests, Lindsey was injured on Saturday, June 9, 1954. He experienced a severe pain immediately in his stomach and reported it to his foreman. In pain, he finished that day’s work and went home. He went to bed, and his wife tried unsuccessfully to get his doctor. Repeated efforts were made without avail, because the doctor was away for the weekend. Lindsey remained in bed for nine days, and on Monday, one week later, he saw the doctor, and the hernia was immediately diagnosed and treated.
That case, expressly relied on as shown in the majority opinion, is manifestly distinguishable from the case at bar, not only as to immediate severe pain and attendant results, but also as to physical distress evidenced, not by subjective conclusions but by confinement in bed, the taking of palliative relief, and repeated efforts to obtain his doctor.
On the basis that a double negative constitutes an affirmative, it can be urged that appellant concedes that appellee was injured in the course of his employment; that this claim, and I agree, is not a spurious one; but that it is not the fundamental test for compensability. No spurious claim is entitled to any consideration and, even though not spurious, it does not follow that it is or ought to be automatically compensable.
The absence of proof of immediate pain and physical distress subsequent to the descent of the hernia is explained in the majority opinion by the supposition that the appellee has a high tolerance for pain. Unfortunately, this supposition is not fortified by any proof in the record that the appellee is a phlegmatic person who is subnormal in his reflexes to the inescapable dominant stimuli of pain, a common denominator of all men. To the contrary, the very lack of regard for pain is the best and strongest proof that appellee was free of pain and physical distress until some fifty-five days later, at which time he sought the assistance of a doctor.
Basically, we are confronted with a question of legislative intent and it is from that branch of our State government that relief should be sought. If by our decree we can declare that fifty-five days are synonymous with five days, then six months or a year, or more, can be proclaimed to be just as synonymous, and the act truly has been repealed by judicial pronouncement.
For these reasons, I am compelled to dissent.
ETHRIDGE, C. J., and PATTERSON and SMITH, JJ., join in this dissent.