T. H. Mastin & Co., et al. *v.* Mangum.

Nov. 24, 1952

No. 38554          9 Adv. S. 45          61 So. 2d 298

*Watkins & Eager,* for appellants.

*McRaney, Russell & Little,* for appellee.

ALEXANDER, J.

This appeal involves a claim under our Workmen's Compensation Law, based upon a disability caused by hernia. The claimant was employed by the Reynolds Lumber Company and was injured when he tripped upon a pile of lumber. His foot caught in a small opening and he was thrown backward, injuring his leg. The injury occurred on November 29, 1950. He returned to the place

of employment the following day but did not work after the night of the injury. He consulted a physician after two or three days and was placed in a hospital on December 5. On December 16 he left the hospital and returned home. His complaint to the physician was that his leg and foot were swelling and that he suffered considerable pain in that region. The physician stated that the complaint involved pain in the right knee and right side of the lower back. He made no further examination and was told by the claimant that he thought that he would get along all right.

Although the claimant stated in his testimony that after the fall he "hurt all over," the suffering and symptoms localized in the region indicated. On December 21 he experienced a sudden stinging sensation in the lower abdomen and noticed a protrusion indicating rupture. He stated that he had never had such symptoms or indications theretofore.

There was introduced a sworn statement executed by the appellee on February 28, 1951, in which he stated that neither at the time of the fall nor during the period of his confinement in the hospital did he experience any of the pain or symptoms indicating hernia, and that he had never been bothered thereby until after he had returned home.

This appeal involves Chapter 412, Laws of 1950, Sec. 6 (f), as follows:

"In all cases of claim for hernia, it shall be shown by a preponderance of the evidence:

"1. That the descent or protrusion of the hernia or rupture immediately followed as the result of sudden effort, severe strain, or the application of force to the abdominal wall;

"2. That there was severe pain in the region of the hernia or rupture;

"3. That there has been no descent or protrusion of the hernia or rupture prior to the accident for which compensation is claimed;

"4. That the physical distress resulting from the descent or protrusion of the hernia or rupture was noticed immediately by claimant, and communicated to his employer within a reasonable time;

"5. That the physical distress following the descent or protrusion of the hernia or rupture was such as to require the attendance of a licensed physician or surgeon within five (5) days after the injury for which compensation is claimed. Post-operative hernias shall be considered as original hernias."

Our attention is drawn particularly to paragraphs 1 and 4. In this connection the testimony of the appellee which is summarized above is to be taken with the testimony of his physician who stated that his physical examination of appellee extended only to the region affected, which region was from a point about 4 inches above the knee down to the ankle. There being no other complaints he made no further examination but did diagnose the condition as hernia on December 23, two days after its occurrence.

There is no question but that the appellee suffered an injury in the course of his employment on November 29 and that he suffered a hernia on December 21. There remains therefore only the issue of a causal connection between the injury and the hernia. Upon this point the testimony of his physician must be examined. When asked whether in his opinion the hernia developed as a result of the fall he replied, "Well, I am not able to answer that question. I don't know." And when asked whether he was in a position to say that it did not so result, he replied, "I couldn't say that." Further pursuing the issue of a causal connection he was asked to state his opinion as to whether the injury was so caused and he stated, "I just didn't know. It could have been one

way just as well as the other." We turn again to the provisions of the statute. Section 1 of the quoted portion requires that it be shown by a preponderance of the evidence that the symptoms of descent or protrusion immediately followed as a result of sudden effort, severe strain, or the application of force to the abdominal wall. Of course these symptoms did not appear immediately, the interval between the injury and the hernia being 22 days. The physical distress resulting from a descent or protrusion of the hernia was not noticed immediately, as required by paragraph 4, for the evident reason that there was no descent or protrusion to be so noticed.

For reasons deemed as sufficient by the Legislature, claims based upon hernia are placed in a special category and a pattern of evidence laid down, evidently because of the difficulty even in the medical profession of accurately diagnosing the causes thereof. It has been stated that the purpose of similar legislation is to distinguish between hernias which are of congenital origin and those which result from trauma or sudden strain. Larson's Workmen's Compensation, Sec. 39.70. This case differs from Lucedale Veneer Company v. Rogers, 211 Miss. 613, 48 So. 2d 148, in which the causal connection was practically undisputed and the case determined upon other issues. When it is recalled that **(Hn 1)** the employee has an overall burden of proving the facts prerequisite to recovery in every case and that under the section quoted above his proof of causal connection must be shown by a preponderance of the evidence, it is impossible to escape the conclusion that such causal connection was not so shown. To contend that the hernia may have resulted from the fall is to concede that it may not have done so. Even a liberal interpretation of the act must not weaken the statutory requirement that these circumstantial evidences of causal connection be shown by a preponderance of the evidence.

The claim was denied by the attorney referee whose finding was affirmed by the Commission. Upon appeal to the circuit court their findings of fact were reversed and judgment entered for the claimant. **(Hn 2)** We are unable to find sufficient basis upon which to overturn the findings of the Commission.

Reversed and judgment here for appellant.

*McGehee, C. J.,* and *Kyle, Holmes* and *Ethridge, JJ.,* concur.