ERWIN, et al. *v.* HAYES, et al.

No. 41018          February 16, 1959          109 So. 2d 156

*Fountain D. Dawson,* Greenville, for appellants.

124

*Satterfield, Shell, Williams & Buford, Cary E. Bufkin,* Jackson, for appellees.

HOLMES, J.

This suit involves a claim for benefits under the Mississippi Workmen's Compensation Act. The claimants are the appellants, Alice Erwin, Hester Bruce and Will Erwin. The appellees, who were the defendants below, are A. Robin Hayes, the alleged employer, and his insurance carrier, American Mutual Liability Insurance Company.

The appellants claimed that they are the widow, mother and brother of Josh Erwin and were dependents of the said Josh Erwin, and further claimed that the said Josh Erwin, while in the employment of the appellee, A. Robin Hayes, lost his life by drowning in the Mississippi River in May, 1957, when a truck which he was driving ran off

in the river, and that the death of the said Josh Erwin arose out of and in the course of his employment.

After a full hearing, the attorney-referee denied the award of benefits, and on successive appeals, the findings and decision of the attorney-referee were affirmed by the full commission and the circuit court.

It is the contention of the appellants on this appeal that the findings and decisions of the attorney-referee, the full commission, and the circuit court are contrary to the overwhelming weight of the evidence. The proof in its material aspects consists in the main of hearsay evidence. Alice Erwin testified that on December 22, 1951 she entered into a ceremonial marriage with Josh Erwin and thereafter lived with him as man and wife until the death of the said Josh Erwin; that she had been previously married to one Jasper Turner in about the year 1925, and was undivorced; that she and Josh Erwin were living together in Greenville, Mississippi; that Josh Erwin was working for A. Robin Hayes at the time of his death; that on a Monday morning in May, 1957, Josh Erwin left his home to catch Mr. Hayes' transportation labor truck and that she has never seen him since; that on the evening of the day he left home, one Eddie Simon, known as "Doll", brought the news to Alice Erwin that Josh Erwin had been drowned; that Alice told Dave Erwin, a brother of Josh Erwin, that Josh had been drowned; that the next morning, Alice and Dave and two other men went to the place where the drowning was said to have occurred; that Alice with the others went to DeSoto Lake and the two men who were in the party went to the place where the drowning was said to have occurred; that Dave Erwin came back and told Alice that they had been to the place where Josh was drowned and that he saw where Josh had been drowned. On further examination, the witness testified as to contributions made by Josh Erwin to her support, and to the support of his mother, Hester Bruce, and his brother, Will Erwin. Alice further testified that she

received no wages from Mr. Hayes after Josh's disappearance, and that the body of Josh was never found.

Dave Erwin testified that he received the news of the drowning of Josh about six o'clock in the evening of the day that Josh had left home; that he talked to Mr. Hayes over the telephone and Mr. Hayes told him that Josh had been drowned; that he asked Mr. Hayes if it would be wise for him, Dave, to go to the scene of the drowning, and that Mr. Hayes told him that it would not because the river was up to the bank and that they were not fishing for Josh's body, but that he, Mr. Hayes, would tell the fishermen to look out for it; that the next morning he and his wife and Alice Erwin went to the place where the "body went in"; that he saw truck tracks where the truck "came off and went down that way"; that the place where the truck went off was called Silver Lake; that he went back to Mr. Hayes and Mr. Hayes told him that he "could get compensation money if he had any children"; that Josh made contributions regularly to his mother, Hester Bruce. On cross examination, he testified that when Josh went back to work "he left from Alice's and Mr. Hayes picked him up and carried him back to the woods."

Hester Bruce, the mother of Josh Erwin, testified with reference to contributions made to her for her support by Josh Erwin, but on cross examination she admitted that when she applied for old age benefits she represented that she was receiving no support from any of her children, and she said that was the truth.

Eula Belle McDavis testified that she was the common law wife of Will Erwin; that she had been living with him five, six or seven years; that Josh helped Will regularly; that Will had suffered a stroke and was unable to work; that he was receiving Social Security and that she herself was working.

■■ ■ At the conclusion of the foregoing testimony, the appellees made a motion to dismiss the claim for bene-

fits upon the grounds that the proof was insufficient to support an award of benefits. This motion was sustained. The burden of proof was, of course, upon the claimants to establish the fact that Josh Erwin at the time of his death was in the employment of the appellee, A. Robin Hayes, and that his death arose out of and in the course of his employment. The burden of proof was upon the claimants to prove these elements beyond speculation and conjecture. Larson's Workmen's Compensation Law, Section 80.33, page 323, says: "The burden of proving his case beyond speculation and conjecture is on the claimant." In 100 C. J. S., Workmen's Compensation, Section 521(b), it is said: "Under the statutes requiring that the injury be one which both arises out of and is sustained in the course of employment, the burden is on the claimant to establish both elements."

Dunn on Mississippi Workmen's Compensation Law and Practice, Section 163, says: "The claimant has the general burden of proof and he must meet this burden to the extent of showing an accidental injury arising out of and in the course of his employment and causal connection between the injury or death and claimed disability." In Section 164 of this same text, the following appears: "Where the proof is such only as to leave the matter to surmise, conjecture or speculation, the burden is not met." To the same effect are the cases of Smith v. St. Catherine Gravel Company, 220 Miss. 462, 71 So. 2d 221; T. H. Mastin & Co. v. Mangum, 215 Miss. 454, 61 So. 2d 298; Retail Credit Co., et al v. Coleman, et al., 227 Miss. 791, 86 So. 2d 666; Estate of Oatis v. Williamson, etc., 92 So. 2d 557, and Ingalls Shipbuilding Corp. v. Howell, 221 Miss. 824, 74 So. 2d 863.

The proof in this case wholly fails to show the nature of the business in which the appellee Robin Hayes was engaged, or the nature and duties of employment of the said Josh Erwin, if he was in fact in the employment of the said Robin Hayes at the time of his alleged death,

and, further, fails to show whether or not he was actually engaged in the duties of his employment at the time the truck he was driving ran off into the river; and further, wholly fails to show that the death of the said Josh Erwin arose out of and in the course of his employment. In fact, a careful review of the evidence in this case shows, in our opinion, that it is insufficient to support even a conjecture or surmise or speculation as to how Josh Erwin was drowned and as to what he was doing at the time, that is, whether he was driving a truck on a personal mission of his own or whether he was in the performance of the duties of his employment. It is clear to us from an examination of the evidence that the claimants have failed to meet the burden of proof cast upon them to show that the death of the said Josh Erwin arose out of and in the course of his employment.

We are cognizant of the fact that there are cases in which a prima facie presumption might aid the claimant. For instance, in cases where the employee is found dead at a place where his duties required him to be, the presumption may arise that his death arose out of and in the course of his employment. There is, however, no room for such a presumption in the case before us because there is no proof in this case that Josh Erwin was found dead or that he was drowned at a place where his duties required him to be. The fact is that the proof does not show what his duties were or where he was required to perform them. Therefore, the claimants in this case cannot be aided by a prima facie presumption.

From an examination of the entire record, it is manifest to us that the findings and decisions of the referee and the commission and the circuit court are not against the overwhelming weight of the evidence and are not manifestly wrong. We are accordingly of the opinion that the judgment of the court below should be and it is affirmed.

Affirmed.

*Roberds, P. J.,* and *Hall, Ethridge* and *Gillespie, JJ.,* concur.