NARKEETA, INC., et al. *v.* McCOY

No. 42679 May 27, 1963 153 So. 2d 798

*Huff, Williams, Gunn, Eppes & Crenshaw,* Meridian, for appellants.

*L. P. Spinks, Jr.,* DeKalb, for appellee.

McElroy, J.

It is the contention of the employer and carrier on this appeal that the attorney referee and the Mississippi Workmen's Compensation Commission were eminently correct in denying benefits to the claimant, and that the order of the Circuit Court of Kemper County, Mississippi reversing the action of the attorney referee and the commission was totally erroneous, and that on appeal to this Court, the action of the Circuit Court of Kemper County, Mississippi should be reversed and the order of the attorney referee and the Mississippi Workmen's Compensation Commission denying benefits should be reinstated.

This is an appeal from DeKalb, Kemper County, Mississippi. The attorney referee entered an order denying compensation benefits. The claimant appealed to the Workmen's Compensation Commission. An order was entered by the Commission, all three Commissioners affirming the action of the attorney referee.

Claimant appealed to the Circuit Court of Kemper County, Mississippi, and that court reversed the attorney referee and the commission, and entered its order awarding claimant benefits as specified for a period of 450 weeks in the sum of $17.60 per week or total permanent disability.

The testimony by appellee's husband and Dr. Smith was to the effect that Mrs. McCoy has always been a highly nervous person. Since April of 1960 she had worked for Narkeeta, Inc., a meat-processing operation, as a meat wrapper and general office worker. On January 7, 1961, while at home, during the night or early morning hours, she became ill and was hospitalized. On June 28, 1961, she filed with the Mississippi Workmen's

Compensation Commission combined Forms B-5 and B-11 for workmen's compensation benefits, alleging that on the 31st day of December, 1960 she was injured in an accident arising out of and in the course of her employment, and her contention is that the alleged accident of December 31, 1960 was causally related to her illness of January 7, 1961. The employer and carrier, in response to the application for compensation benefits, filed its Form B-5, 22 answering claimant's application for compensation benefits and denied that claimant sustained an injury on or about December 31, and denied that claimant was temporarily or permanently disabled as a result of any accidental injury, as defined by the Workmen's Compensation Act, and that appellee suffered a cerebral vasospasm with hypertension as the cause of her illness.

The accidental injury upon which claimant bases her claim herein was supposed to have occurred on December 31 while she was in the Narkeeta Plant and slipped and fell, or sat, down on her buttocks. On the occasion, the claimant did not strike her head and there were no visible signs of any accident having occurred. After the onset of this illness of January 7, 1961, she was hospitalized in Kemper County Hospital in DeKalb, Mississippi for a period of time and was treated by Dr. C. A. Smith. About three months later, she returned to her regular work and worked for a month, and thereafter started working a day and a half each week and continues to so work.

The final diagnosis of her illness of January 7, 1961 was cerebral vasospasm, a transitory condition.

The claimant did not testify.

The question is: "Is the accident suffered by claimant on the 7th day of January, 1961, arising out of and in the course of her employment, the cause of her condition and disability?" We believe this question is settled by the testimony of Dr. Smith and that the referee

and commission were justified in their findings in this case. Dr. Smith's testimony is as follows:

"Q. You stated here she had, on your medical report, that she had a possible C.V.A. on that date. Now, did your history determine when that accident or spasm occurred?

"A. Oh, yes, perhaps I'd better stick to that. Of. course, there is no actual prior history of any length of time before that. She was admitted that day. This thing occurred sometime during the night, I say, because that was there.

"Q. When she was admitted?

"A. Uh-huh. But according to her statement and everything else, she apparently had been up. She was functioning physically, although she was mentally confused, but she wasn't able to think clearly from the date of the accident of her fall, and now possibly you could say, well, maybe that is when she began to get upset. In other words, maybe that was the start of the chain of events that led up to the vasospasm. But then again, it is one of those things you cannot prove. But it is possible, and I think it is definitely possible that's what could have happened. I don't know."

The appellant did not put on any witnesses; there is no conflict in the medical testimony of Dr. Smith; the testimony of Dr. Smith was not inherently improbable, incredible or unreasonable, nor was it in any way discredited.

The appellee had the general burden of proof to establish every essential element of her claim, and it is not sufficient to leave the matter to surmise, conjecture or speculation. Quoting from the decision of .our Supreme Court in the case of Erwin v. Hayes, 236 Miss. 123, 109 So. 2d 156, we find the following:

"The burden of proof was upon the claimants to prove these elements beyond speculation and conjecture. Larson's Workmen's Compensation Law, Section 80.33,

page 323, says: 'The burden of proving his case beyond speculation and conjecture is on the claimant.' In 100 C.J.S. Workmen's Compensation, sec. 521(b), it is said: 'Under statutes requiring that the injury be one which both arises out of, and is sustained in the course of employment, the burden is on the claimant to establish both elements.' "

Also, in Potts v. Lowery (Miss. 1961), 134 So. 2d 474, the Court said:

"The claimant, as a general proposition, has the burden of proof. *He must meet this burden by showing an accidental injury arising out of and in the course of employment and causal connection between the injury and the claimed disability.* In Dunn's Miss. Workmen's Compensation, Sec. 163, p. 124 and at p. 81 of the 1960 Supplement, the author catalogues many cases which uphold the foregoing principle, commencing with T. H. Mastin and Company v. Mangum, 215 Miss. 454, 61 So. 2d 298 (1954), and running through Winters Hardwood Dimension Company v. Dependents of Dave Harris, 236 Miss. 757, 112 So. 2d 227 (1959). Consequently, this question is now settled beyond controversy."

The only witnesses who testified in the case for appellee were her husband, Eugene McCoy, and Dr. Carl A. Smith. The husband did not testify as to the alleged fall on December 31, 1960. Dr. Smith could only testify from the case history which appellee gave him of falling at her place of employment on December 31.

In California Eastern Airways v. Neal, 228 Miss. 370, 87 So. 2d 895, the Court stated:

"At the outset, we are confronted with two general legal propositions: i.e., that the burden was upon Neal to prove he suffered a compensable injury; *and that we will not reverse the findings of fact by the attorney-referee and Commission if there is substantial evidence to support them, or, stated differently, that we will not so reverse, unless such findings are manifestly against*

*the weight of the evidence. The cases so holding are so numerous we need not consume space and time to cite them.''*

 █ We believe that there is substantial evidence to support the findings of the attorney referee and the commission, and that the circuit court was in error in overruling their findings.

The case is therefore reversed, and the order of the attorney referee and the Mississippi Workmen's Compensation Commission denying benefits is ordered reinstated, and the commission's order is affirmed.

Reversed, and order of Workmen's Compensation Commission reinstated and affirmed.

*McGehee, C. J., and Ethridge, Gillespie, and Jones, JJ.,* concur.