587 So.2d 291 (1991)
SOUTH MISSISSIPPI ELECTRIC POWER ASSOCIATION and Aetna Casualty and Surety Company
v.
Willard M. GRAHAM, Jr.
No. 89-CC-0769.
Supreme Court of Mississippi.
October 2, 1991.
*292 Sheila Jones, James M. Anderson, Markow Walker Reeves & Anderson, Jackson, for appellant.
James K. Dukes, Hattiesburg, for appellees.
Before ROY NOBLE LEE, C.J., and BANKS and McRAE, JJ.
ROY NOBLE LEE, Chief Justice, for the Court:
South Mississippi Electric Power Association and Aetna Casualty and Surety Company have appealed from an order of the Lamar County Circuit Court, which overruled a decision of the Workers' Compensation Commission denying Willard M. Graham, Jr. compensation benefits. The lower court awarded Graham compensation benefits for a permanent partial disability.

FACTS
Willard M. Graham, Jr. was employed with South Mississippi Electric Power Association as a master maintenance mechanic. He was required to perform pipe fitting, welding and general boiler and tube repair and maintenance.
On November 11, 1980, Graham was struck on the head by a clinker[1] while aloft in a spider climber while making repairs in the boiler area[2] of the Power Association. As a result of his injury, Graham experienced severe pain in his neck, back and shoulders and was taken by helicopter to the Forrest General Hospital where x-rays were performed. Hospitalization was not necessary. Graham returned to work on November 12, 1980, and was placed on light duty employment for approximately one week before resuming his full duties.
On February 23, 1982, Graham, while making repairs in the boiler area, was struck again on the head by a clinker causing him to fall approximately fifteen (15) feet from the spider climber to the ground below. Graham was taken to the hospital and returned to work the next day. Thereupon, Graham was assigned to light duties for approximately two (2) weeks before resuming his regular duties.
Graham's employment with the Power Association was terminated on March 17, 1982, as a consequence of Graham's refusal to work on the spider climber in the boiler area. He was reinstated shortly thereafter, when he returned to working on the spider climber in the boiler area.
Graham performed his regular duties, including working on the spider climber in the boiler area, for the Power Association until January 27, 1983. On January 27, 1983, Graham and a co-employee were involved in a physical altercation which began in the Power Association's parking lot and continued to the access road between their homes and the parking lot. The co-employee inflicted physical blows on Graham. As a consequence of the January 27 altercation, both Graham and the co-employee were discharged by the Power Association.
On June 24, 1983, Graham filed a motion to controvert with the Mississippi Workers' *293 Compensation Commission seeking compensation for his injuries received on November 11, 1980, February 23, 1982, and January 27, 1983. Hearings were conducted before Administrative Judge Thomas Webb on September 22, 1983 and December 8, 1983. The administrative judge, by order dated January 12, 1984, denied Graham benefits for the November 11, 1980 injury as a consequence of Graham's failure to file a claim against the Power Association within the applicable statute of limitation, as set forth in Miss. Code Ann. § 71-3-35(1) (1972) (two year bar). The administrative judge also denied Graham benefits for the February 23, 1982 and January 27, 1983 injuries, finding that Graham failed to prove by a preponderance of the evidence that he had sustained any permanent partial medical disability as a result of the two work-related injuries or that he had incurred any loss of wage-earning capacity as a result of the injuries.
Thereafter, Graham filed an appeal from the administrative judge's order with the Mississippi Workers' Compensation Full Commission. The Full Commission affirmed the administrative judge's order on June 26, 1984.
Following the Full Commission's denial of relief, Graham appealed the Commission order to the Lamar County Circuit Court. That court, on January 10, 1985, reversed the order of the Commission and remanded the cause to it "to allow for further medical evidence to be presented, at the election of the employee even if only in a hypothetical form, at the expense of the employer/carrier under Code Section 71-3-15 and for the Commission's findings to be conditioned on that additional medical evidence, if any."
The Power Association and Aetna Casualty and Surety Company appealed the order of the Lamar County Circuit Court to this Court. On February 18, 1987, this Court in an unpublished opinion affirmed the order of the circuit court holding:
There has been no final order in this case. Because the record before us is incomplete, we are unable to review the case on the merits. Therefore, the order of the circuit court remanding the cause to the full Commission to allow Graham to put on further evidence is affirmed. All questions raised on appeal, including procedural issues, are reserved, and the rights of the parties to raise those questions on appeal on the merits are unaffected by our ruling.
The case was resubmitted to Administrative Judge Webb and psychological evidence was entered by Graham tending to show that as a result of his work-related injuries, Graham suffered from acrophobia, the fear of heights. By order dated December 8, 1987, Administrative Judge Webb again denied Graham compensation benefits, finding that Graham failed to produce evidence that he suffered any degree of permanent partial impairment or any degree of loss of wage earning capacity as a result of the work-related acrophobia.
Graham appealed the order of Administrative Judge Webb, dated December 8, 1987, to the Mississippi Workers' Compensation Full Commission. On September 28, 1988, the Commission affirmed the December 8, 1987, order of the administrative judge.
Graham appealed the Commission order affirming the administrative judge's denial of benefits, to the Lamar County Circuit Court. The Lamar County Circuit Court reversed the Full Commission order and awarded Graham Workers' Compensation benefits.

DISCUSSION
The three issues presented to this Court by the appellants are reformed to state the following:
I. Whether the findings and order of the Mississippi Workers' Compensation Commission are supported by substantial evidence.
II. Whether the lower court erred in remanding the cause to the Commission for the introduction of medical evidence concerning Graham's alleged disability of acrophobia.

*294 I.
Graham's claim for Workers' Compensation benefits was heard by Administrative Judge Webb on September 22, 1983 and December 8, 1983. Judge Webb, in denying Graham compensation benefits, found that Graham "has failed to prove by a preponderance of the credible evidence in this cause that he has sustained any permanent partial medical disability as a result of any of the work-related incidents or that he has incurred any loss of wage earning capacity as a result thereof." This finding and order were approved by the Full Commission of the Mississippi Workers' Compensation Commission and became its order.
In Workers' Compensation cases, the claimant has the burden of proof to establish every essential element of the claim and it is not sufficient to leave the matter to surmise, conjecture or speculation. Narkeeta, Inc. v. McCoy, 153 So.2d 798, 800 (Miss. 1963); See Fought v. Stuart C. Irby, 523 So.2d 314, 317, (Miss. 1988).
The claimant, as a general proposition, has the burden of proof. He must meet this burden by showing an accidental injury arising out of and in the course of his employment and a causal connection between the injury and the claimed disability. In Dunn's Miss. Workers' Compensation, Sec. 163, p. 124 and at p. 81 of the 1960 Supplement, the author catalogues many cases which uphold the foregoing principle, commencing with T.H. Mastin and Company v. Mangum, 215 Miss. 454, 61 So.2d 298 (1954) and running through Winters Hardwood Dimension Company v. Dependents of Dave Harris, 236 Miss. 757, 112 So.2d 227 (1959). Consequently this question is now settled beyond controversy.
Narkeeta, 153 So.2d at 800 (quoting Potts v. Lowery, 242 Miss. 300, 134 So.2d 474 (1961)).
The Commission's decision was appealed to the Lamar County Circuit Court and that court reversed the Commission order. The findings and order of the Workers' Compensation Commission are binding on this Court, and all other appellate courts, so long as they are supported by substantial evidence. Fought v. Stuart C. Irby Co., 523 So.2d 314, 317 (Miss. 1988); Champion Cable Const. Co., Inc. v. Monts, 511 So.2d 924, 927 (Miss. 1987); Penrod Drilling Co. v. Etheridge, 487 So.2d 1330, 1332 (Miss. 1986); Georgia-Pacific Corp. v. Veal, 484 So.2d 1025, 1027 (Miss. 1986); Evans v. Marko Planning, Inc., 447 So.2d 130, 132 (Miss. 1984); see also Dunn Mississippi Workers' Compensation § 286, 288 (3d ed. 1982). "This is so, even though the evidence would convince this Court otherwise, were we the fact finder." Fought, 523 So.2d at 317; Georgia-Pacific Corp., 484 So.2d at 1028 (quoting Olen Burrage Trucking Co. v. Chandler, 475 So.2d 437, 439 (Miss. 1985)). This Court will reverse an order of the Workers' Compensation Commission only where such order is clearly erroneous and contrary to the overwhelming weight of the evidence. Fought, 523 So.2d at 317; Myles v. Rockwell International, 445 So.2d 528, 536 (Miss. 1983); Riverside of Marks v. Russell, 324 So.2d 759, 762 (Miss. 1975).
The claimant contends that on November 11, 1980, and February 23, 1982, he was struck on the head by a clinker while riding in a spider climber, and sustained injuries to his head, neck, back and knees and that he has developed a fear of heights. He claims that on January 27, 1983, he sustained injuries to his face, mouth, teeth and groin, resulting from an assault by an employee. The record reflects that claimant did not miss any time from work following the November 11, 1980, incident, nor the February 23, 1982, accident. He was terminated following his January 27, 1983, altercation with the co-employee.
According to claimant, he has a problem with his nerves and stomach since at least age eighteen and has required medical treatment for that. Some lay witnesses testified that claimant had expressed a fear of heights prior to either of the "clinker" incidents. There is no testimony which reflects that the claimant sought the treatment *295 of a psychiatrist or physiologist for his alleged fear of heights.
The Commission's judgment that claimant had failed to establish by a preponderance of the evidence that he sustained any medical impairment or that he suffered a loss of wage earning capacity was appealed to the lower court. That court remanded the cause to the Workers' Compensation Commission, directing that further expert medical evidence be presented and that the Commission's findings be conditioned on that additional medical evidence.
Following the order of the Lamar County Circuit Court, the appellants had the claimant evaluated by Dr. Robert Ritter, a psychiatrist, and, on February 18, 1987, took the deposition of Dr. Ritter. According to Dr. Ritter's testimony, the claimant had a phobia which had developed from an early age but there was no evidence of the phobia being disabling.
Approximately seven months later, the claimant introduced into evidence the deposition of Dr. Donald Guild and rested his case. After a limited interview with claimant, Dr. Guild did casually relate the phobia to the accidents, but stated that the disability was present only when claimant worked above the height of a step ladder.
The administrative law judge again held, after considering the conflicting medical testimony, that claimant had failed to show by a preponderance of the evidence that he had suffered from a medical impairment or that he suffered a loss of wage earning capacity. That holding was approved and adopted by the Commission.
As stated, on appeal to the circuit court the judgment of the Commission was reversed and claimant was awarded permanent and total benefits for a condition known as acrophobia.
We are of the opinion that the Lamar County Circuit Court erred in reversing the order of the Full Commission, since such order was not clearly erroneous nor contrary to the overwhelming weight of the evidence and was supported by substantial evidence.

II.
After the first appeal from the Commission's judgment to the circuit court, that court remanded the cause to the Commission with instructions to give medical evidence relating to acrophobia of the claimant, if he desired, at the expense of the appellants. That order was appealed to this Court, but, since it was not a final order, the case was not considered and all matters were remanded to the Commission with all rights preserved. The matter is now ripe for decision.
The Administrative Law Judge and the Commission found the following with regard to the Lamar County Circuit Court's reversal of the Commission's order:
In reviewing the Order and Opinion of the Circuit Court of Lamar County, dated January 10, 1985, I note with interest and surprise Paragraph Number 1, to-wit:
The issue raised by this appeal is whether the absence of medical evidence of a work-related condition of acrophobia precludes compensation. The Administrative Judge and the Commission have both so held and if this court agrees, there is no need for proceedings on other issues.
In reviewing the three Petitions to Controvert filed on behalf of the claimant, the Administrative Judge does not find any Petition to Controvert which alleges that the claimant has suffered any degree of disability as a result of having contracted acrophobia. The claimant's Petition to Controvert filed with the Mississippi Workers' Compensation Commission on February 25, 1983, alleges that on February 23, 1982, while he was seated in the spider climber, the claimant was hit on the head by clinkers that were dislodged by the vibration of movement of the spider climber. The claimant's Petition to Controvert filed with the Mississippi Workers' Compensation Commission on June 24, 1983, alleges that on November 11, 1980, while the claimant was seated in the spider climber, he was hit by clinkers that were dislodged by the vibrations of movement of *296 the spider climber, causing the claimant to sustain injuries to his head, neck, back and to be knocked unconscious. The claimant's Petition to Controvert filed with the Mississippi Workers' Compensation Commission on June 24, 1983, alleges that on January 27, 1983, when he was leaving his employment, the claimant was assaulted by a fellow employee, Troy McBride, causing the claimant to sustain injuries to his lip, teeth, mouth and groin. No Petition to Controvert alleged that the claimant was claiming to be disabled or to have suffered any loss of wage-earning capacity as a result of acrophobia, a disabling fear of heights, that resulted from the two incidents wherein the claimant was riding the spider climber and was struck by falling clinkers. Although the record is replete with evidence from the claimant and co-workers and supervisory personnel that the claimant had developed a fear of using the spider climber after the two episodes when he was hit on the head by clinkers, no Motion to Amend the Pleadings to conform to the proof presented was made to the Administrative Judge for action thereon.

The Lamar County Circuit Court erred when it first reversed the Full Commission affirmance and judgment for failure to develop medical findings on acrophobia; that acrophobia was not at issue before either the administrative judge or the Full Commission. Even so, the Circuit Court erred when it reversed the Commission the second time and entered its own order granting benefits when the Commission's order was supported by substantial evidence.
The judgment of the lower court is reversed, the order of the Workers' Compensation Commission is reinstated and the cause is remanded to the Commission for any further action which may be required, consistent with this opinion.
REVERSED, THE MISSISSIPPI WORKERS' COMPENSATION COMMISSION'S ORDER REINSTATED AND REMANDED.
HAWKINS, P.J., DAN M. LEE, P.J., and PRATHER, ROBERTSON, SULLIVAN, PITTMAN, BANKS and McRAE, JJ., concur.
NOTES
[1] A clinker is a deposit of burnt coal which develops in a boiler. The size of a clinker varies from that of a ball to that of a small car.
[2] The Power Association boiler area is approximately two hundred and twenty (220) feet from the ground floor to the top floor.