724 So.2d 399 (1998)
Lee Dell TOLDSON, Appellant,
v.
ANDERSON-TULLY CO. and Liberty Mutual Insurance Company, Inc., Appellees.
No. 98-CC-00078 COA.
Court of Appeals of Mississippi.
November 24, 1998.
*400 Paul Kelly Loyacono, Vicksburg, Attorney for Appellant.
Donald V. Burch, Jackson, Amy S. Hudson, Pickens, Attorneys for Appellees.
Before THOMAS, P.J., DIAZ, and SOUTHWICK, JJ.
DIAZ, J., for the Court:
¶ 1. Lee Dell Toldson, the claimant, appeals the decision of the Warren County Circuit Court affirming the Workers' Compensation Commission and the administrative law judge's decision to deny Mr. Toldson workers' compensation benefits. Mr. Toldson seeks benefits for an injury to his left knee and for loss of wage-earning capacity that he asserts are the result of an on-the-job accident while he was employed with Anderson Tully Company. We find that there was substantial evidence presented upon which the administrative law judge could find that Mr. Toldson was not entitled to permanent partial disability benefits. Therefore, we affirm the ruling of the circuit court.

FACTS
¶ 2. Mr. Toldson filed a petition to controvert a workers' compensation claim on August 29, 1995. Therein, Mr. Toldson claimed that he was entitled to workers' compensation benefits arising from an injury he sustained in an admittedly compensable on-thejob injury. Anderson Tully Company and Liberty Mutual Insurance Company, the employer and carrier, filed an answer on September 13, 1995, admitting that Mr. Toldson sustained an injury to his right knee.
¶ 3. On September 27, 1995, Mr. Toldson filed an amended petition to controvert alleging that on April 13, 1995, he also injured his left knee. The employer and carrier answered the amended petition to controvert disputing an on-the-job injury to left knee.
¶ 4. Mr. Toldson, a dry slip puller with Anderson Tully, was involved in an on-thejob accident when a board came off a table and hit him in the right leg on April 13, 1995. Mr. Toldson initially testified that he reported his accident and injury of both knees to Todd Wilson, his supervisor. He also stated that he did not mention the left knee injury to Dr. Easterling, whom he saw on April 17, 1995, because his right knee hurt more. At one point, Mr. Toldson testified that he experienced pain in his left knee and that he mentioned pain in both knees to Dr. Daniel Dare, the orthopedic surgeon who performed surgery on both of his knees in 1995. However, during later testimony and upon crossexamination, Mr. Toldson admitted that he only reported an injury to his right knee to his supervisor and treating physicians.
¶ 5. After examining Mr. Toldson, Dr. Dare stated that he diagnosed Mr. Toldson with an osteochondral injury to the medial femoral condyle and recommended and performed arthroscopic surgery on his right knee. Thereafter, he put Mr. Toldson in a rehabilitation program. In November 1995, Dr. Dare stated that Mr. Toldson reached maximum medical recovery with a 15% permanent partial impairment rating translating into a fifty (50%) percent loss of industrial use to his right knee.
¶ 6. Dr. Dare testified that the first complaint he ever received from the claimant about a left knee injury was in October 1995. Mr. Toldson scheduled an appointment to have his left knee evaluated in November 1995. During that visit, Mr. Toldson told Dr. Dare that he injured both knees in the April 1995 workplace accident. Although Dr. Dare informed Mr. Toldson that his left knee injury was not at that time considered under workers' compensation, he scheduled Mr. Toldson for surgery in late November and *401 performed the same for his left knee. Dr. Dare stated that if the patient's history was truthful, then it was likely that the same accident caused both injuries. However, after Dr. Dare reviewed Mr. Toldson's medical history, he identified conflicting claims about the origin of his injuries. Dr. Dare opined that the medical history taken closer to the time of the accident was probably more reliable. Dr. Dare further testified that it was unusual for a patient to have a condition present and go for any length of time without comment or complaint especially when he was being treated for a similar problem. Dr. Dare also stated that the left knee injury was likely the result of twisting type accident.
¶ 7. A year after Mr. Toldson's injury, he was seen and evaluated by Dr. Van Temple, an orthopedist. Dr. Temple testified that it was not only inconsistent, but improbable that if both knees were injured in the same occurrence that one knee would become symptomatic much later in time than the other one. Dr. Temple also agreed that it was improbable that Mr. Toldson's left knee injury would go unnoticed for any length of time and that it was likely the result of a twisting type accident.
¶ 8. Mr. Toldson testified that he had not worked full time since his accident of April 13, 1995. However, when asked where and when he sought employment, Mr. Toldson only gave vague answers.
¶ 9. A hearing was held on a motion for immediate medical treatment for Mr. Toldson's left knee injury. Mr. Toldson was the only witness at this hearing. The administrative law judge held the motion in abeyance until the hearing on the merits. At the hearing on the merits held on August 30, 1996, the administrative law judge entered an order determining Mr. Toldson sustained a fifty percent (50%) industrial loss of use of the right lower extremity and was entitled to be compensated for temporary total disability from June 6, 1995 through November 29, 1995 at the rate of $221.61 a week. Additionally, Mr. Toldson received permanent partial disability benefits in the amount of $221.61 a week for eighty-seven and one-half (87.5) weeks based on the finding that he had a fifty percent (50%) industrial loss of use of the right lower extremity. Furthermore, the administrative law judge denied Mr. Toldson's motion for immediate medical treatment for his left lower extremity. Thereafter, the Full Commission affirmed the administrative law judge's order in toto. The Warren County Circuit Court affirmed the Full Commission's decision, and this appeal was taken.

DISCUSSION
¶ 10. Appellate review of workers' compensation claims is a narrow one. The standard of review utilized by this Court when considering an appeal of a decision of the Workers' Compensation Commission is well settled. The Mississippi Supreme Court has stated that "[t]he findings and order of the Workers' Compensation Commission are binding on this Court so long as they are `supported by substantial evidence.'" Vance v. Twin River Homes, Inc., 641 So.2d 1176, 1180 (Miss.1994) (quoting Fought v. Stuart C. Irby Co., 523 So.2d 314, 317 (Miss.1988)). As stated in Delta CMI v. Speck, 586 So.2d 768, 772-73 (Miss.1991):
Under settled precedent, courts may not hear evidence in compensation cases. Rather, their scope of review is limited to a determination of whether or not the decision of the commission is supported by the substantial evidence. If so, the decision of the commission should be upheld. The circuit courts act as intermediate courts of appeal. The Supreme Court, as the circuit courts, acts as a court of review and is prohibited from hearing evidence or otherwise evaluating evidence and determining facts; ... "[W]hile appeals to the Supreme Court are technically from the decision of the Circuit Court, the decision of the commission is that which is actually under review for all practical purposes."
As stated, the substantial evidence rule serves as the basis for appellate review of the commission's order. Indeed, the substantial evidence rule in workers' compensation cases is well established in our law. Substantial evidence, though not easily defined, means something more than a "mere scintilla" of evidence, and that it does not rise to the level of "a preponderance of the *402 evidence." It may be said that it "means such relevant evidence as reasonable minds might accept as adequate to support a conclusion. Substantial evidence means evidence which is substantial, that is, affording a substantial basis of fact from which the fact in issue can be reasonably inferred."
(citations omitted).
¶ 11. Claimant bears the general burden of proof of establishing every essential element of the claim, and it is not sufficient to leave the matter to surmise, conjecture, or speculation. Fought, 523 So.2d at 317; Flintkote Co. v. Jackson, 192 So.2d 395, 397 (Miss.1966); Narkeeta, Inc. v. McCoy, 247 Miss. 65, 69, 153 So.2d 798, 800 (1963); V. Dunn, MISSISSIPPI WORKERS' COMPENSATION, § 265 (3d ed.1982).
¶ 12. The claimant, as a general proposition, has the burden of proof. He must meet this burden by showing an accidental injury arising out of and in the course of his employment and a causal connection between the injury and the claimed disability.
Narkeeta, 247 Miss. at 69, 153 So.2d at 800. Claimant also has the burden of showing that he sought but was unable to obtain work in similar or other jobs. Barnes v. Jones Lumber, 637 So.2d 867, 869-70 (Miss.1994).
¶ 13. This Court considers the essential components of a compensation case as stated in Penrod Drilling Co. v. Etheridge, 487 So.2d 1330 (Miss.1986):
1. The claimant generally bears the burden of proof to show an injury arising out of employment, and a causal connection between the injury and the claimed disability;
2. The Commission is the trier of facts, judges the credibility of witnesses, and facts supported by substantial evidence should be affirmed by the circuit court;
3. Unless prejudicial error is found, or the verdict is against the overwhelming weight of the evidence the Commission's order should be affirmed.
Id. at 1332 (citing Strickland v. M.H. McMath Gin, Inc., 457 So.2d 925, 928 (Miss. 1984)).
¶ 14. This Court will reverse only where a Commission order is clearly erroneous and contrary to the weight of the credible evidence. Id,; see also Hedge v. Leggett & Platt, Inc., 641 So.2d 9, 12 (Miss.1994). We are not permitted to re-weigh the evidence to determine where, in our opinion, the preponderance of the evidence lies. Lanterman v. Roadway Exp., Inc., 608 So.2d 1340, 1345 (Miss.1992). Moreover, "[t]his Court will overturn a Commission decision only for an error of law, or an unsupportable finding of fact." Georgia Pacific Corp. v. Taplin, 586 So.2d 823, 826 (Miss.1991) (citations omitted). Therefore, this Court will not overturn a Commission decision unless it finds that the Commission's decision was arbitrary and capricious. Id,; see also Walker Mfg. Co. v. Cantrell, 577 So.2d 1243, 1247 (Miss.1991) (finding that where court finds credible evidence supporting Commission decision, it cannot interfere with that decision any more than with cases from other administrative bodies). Therefore, we must examine the record and be satisfied that substantial evidence existed upon which the Commission could base its decision.
¶ 15. After careful review of the record, we have concluded that substantial evidence existed to warrant the Full Commission's decision to deny Mr. Toldson additional benefits. Under the principles of Flintkote, Mr. Toldson bears the burden to prove the essential elements of his claim by competent, credible evidence which is beyond speculation and conjecture. Mr. Toldson waited nearly four months before he claimed that his left knee was also injured in the accident that caused the injury to his right knee. After Mr. Toldson's testimony, the employer and carrier presented substantial evidence to support a finding that Mr. Toldson was not entitled to additional benefits for his left knee injury including testimony by two orthopedists Dr. Daniel Dare and Dr. Van Temple.
¶ 16. Under Narkeeta, Mr. Toldson had to prove that his injury arose out of and in the course of his employment. Both doctors testified that it was unlikely that his left knee injury occurred after the April 13, 1995 accident. *403 However, both doctors also stated in their depositions, and the Full Commission agreed, that if both of his knees were injured in the same accident that it is improbable that Mr. Toldson would have waited to report the left knee injury. Additionally, Mr. Toldson testified that he had tried to seek other employment although he was unclear where and when he applied for employment. Since the order of the Workers' Compensation Commission is supported by findings of fact and is not clearly erroneous nor contrary to the weight of credible evidence, this Court will affirm the circuit court's decision affirming the Full Commission's order denying Mr. Toldson additional benefits.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF WARREN COUNTY IS AFFIRMED AND COSTS OF THIS APPEAL ARE TAXED TO THE APPELLANT.
BRIDGES, C.J., McMILLIN and THOMAS, P.JJ., COLEMAN, HERRING, HINKEBEIN, KING, PAYNE, and SOUTHWICK, JJ., concur.