McMILLIN, C.J.,
for the court.
¶ 1. Rosie Smith has appealed from a decision of the Circuit Court of Jackson County affirming the decision of the Mississippi Workers’ Compensation Commission to deny her claim for permanent partial disability benefits arising out of a work-related injury at her employer, Grand Casino-Biloxi. Smith sought permanent partial disability benefits on the assertion that the residual effects of her injury had resulted in a permanent loss of wage-earning capacity. The Commission concluded that Smith had failed to carry her burden to demonstrate a permanent occupational disability or permanent loss of wage-earning capacity arising from a work-related injury. The Commission awarded temporary total disability benefits during the period of her recovery but disallowed any claim for permanent disability benefits. Smith appealed that ruling to the circuit court without success and now brings her appeal to this Court. Under the limited scope of review afforded this Court, we can find no reversible error in the circuit court’s ruling and we, therefore, affirm.
I.
Facts
¶ 2. Smith worked for Grand Casino as a lobby attendant. In August 1997, while working with a carpet cleaning machine, she bent over to wind up the cord and, as she straightened up, felt pain in her right hip and leg. When the pain persisted, Smith consulted her family physician, Dr. Dunk Ellis. Dr. Ellis ultimately admitted Smith to the hospital after she reported what Dr. Ellis recorded as “bizarre complaints with some mental confusion, shaking of her right arm with numbness, tingling ... slurring of her speech and confusion at times....” She began to exhibit “freezing spells” where she would appear to lose muscular control for a period of time.
¶ 3. In the course of attempts to diagnose and treat Smith’s multiple complaints, she was seen by a number of physicians besides Dr. Ellis. Dr. Terry Millette diagnosed Smith with cervical myofascial pain, suspected thoracic outlet syndrome, muscular pain of undetermined etiology, and fatigue symptomatology. However, in response to a written inquiry as to whether Smith’s work-related activities triggered, precipitated or contributed to any of the diagnosed conditions, Dr. Millette’s response was that he was not sure. On the chance that there might be a psychological component to Smith’s complaints, she was examined by Dr. William W. Smith, a psychiatrist. He reported no identifiable psychiatric impairment at the time of his examination.
¶ 4. Dr. John Wyatt, to whom Smith was referred for purposes of undergoing an independent medical examination on De *425 cember 16,1997, reported that at that time he conducted “an unremarkable physical exam.” However, because he wanted to review certain other medical records associated with her earlier hospitalization, he continued her in a temporarily disabled status. After a further office visit and after having the benefit of a functional capacity evaluation, Dr. Wyatt concluded that he could see no reason not to return Smith to work with restrictions that were commensurate with her duties as a housekeeper at Grand Casino. This occurred on August 6, 1998, and was the date Dr. Wyatt considered Smith to have reached maximum medical improvement.
¶ 5. Dr. John McCloskey, a neurosurgeon, saw Smith in December 1997 at the request of Dr. Ellis. In his deposition, Dr. McCloskey was asked whether he had “an opinion as to whether that injury that she gave you in the history is related to the conditions that she had.” He responded, “Based on the history that I have, there’s no doubt that the problems that I saw her for, and she complained of, were related to her work injury of August 27th, 1997.” Nevertheless, Dr. McCloskey went on to testify that, from a neurological standpoint, he made no objective findings and that, from his standpoint, “her problems were of an unknown etiology.” He additionally said, in regard to his consultation, “She claimed the injury that precipitated all of this, but what she injured, I didn’t know. I couldn’t put this all together.”
¶ 6. Smith actually returned to work at Grand Casino for a brief time but claimed that she was unable to perform the duties assigned to her. After she persisted in her complaints, Smith was informed by friends that she might receive some benefit from seeing Dr. Kerry Bush, a chiropractor. Smith testified to discussing this with Dr. Ellis and that he told her it was her choice. Dr. Bush first saw Smith on January 6, 1999. Dr. Bush’s treatment records were introduced into evidence. They show that he diagnosed her with cervical neck pain, low back pain, cervical subluxation C-5, cervical subluxation C-6, lumbar subluxation L-4, lumbar subluxation L-5, and muscle spasms. Without any explanation for his opinion, Dr. Bush’s record indicates that he was of the view that Smith’s condition was solely a result of the work accident that occurred at Grand Casino on August 26, 1997. After a series of treatments, Dr. Bush released Smith on March 15, 1999, as having reached maximum medical improvement on that date. He offered his opinion that Smith had sustained a seven percent partial impairment to the body as a whole as the result of “a permanent partial spinal impairment.”
¶ 7. Smith returned to work at Grand Casino in June 1999, but contended that she could not properly perform her duties because of continuing pain, and she finally left that employment in July 1999.
II.
Discussion
¶ 8. The burden lies with the claimant to affirmatively show that she has suffered a loss of wage-earning capacity as the result of a work-related injury. Davis v. Scotch Plywood Co. of Mississippi 505 So.2d 1192, 1196 (Miss.1987). The Workers’ Compensation Commission acts as finder of fact as to such matters and the findings of the Commission are entitled to substantial deference when subjected to appeal to the judiciary. Natchez Equip. Co., Inc. v. Gibbs, 623 So.2d 270, 273 (Miss.1993); Pickering v. Cooper Tire and Rubber Co., 792 So.2d 298, 300(¶ 7) (Miss.Ct.App.2001). The reviewing court does not reweigh the evidence, but rather is obligated to affirm the Commission on issues related to fact-finding if there is substan *426 tial evidence in the record consistent with the Commission’s determinations. Natchez Equip. Co., Inc., 628 So.2d at 273. In this case, there is no dispute that Smith suffered some injury to her back while on duty with her employer, Grand Casino. Additionally, there is no real issue as to whether Smith has suffered from medical complaints that have required substantial attention from treating physicians. The pivotal issue on which the viability of Smith’s claim for compensation turns is, rather, whether she was able to provide convincing evidence showing that her medical complaints were caused by the incident at work.
¶ 9. None of the treating physicians who provided evidence at the hearing on this claim were willing to draw a connection between Smith’s initial injury and the ensuing medical symptoms which she claims render her unable to continue her employment; the only exception being Dr. Bush, who provided no explanation or basis for his view other than Smith’s own medical history related to him. The Commission, in its role as fact-finder, clearly found more credible the evidence offered by Smith’s other treating physicians tending to show that, without regard to the legitimacy or the severity of Smith’s long-standing symptoms that hindered her ability to work, there was no objective medical evidence connecting those continuing complaints to the incident at work that occurred in August 1997. Because there is substantial evidence in the record supporting that view, the obligation of a judicial body called upon to review those findings is to affirm. Toldson v. Andersorn-Tully Co., 724 So.2d 399, 402-03, (¶¶ 15-16) (Miss.Ct.App.1998). The circuit court, providing the initial judicial review, affirmed the Commission for that reason. Finding no error in that court’s decision, we affirm the circuit court.
¶ 10. Although Smith purports to raise five separate issues in this appeal, including such matters as whether the costs of certain medical treatments were covered expenses, all the issues are resolved against her by our finding that the Commission did not err when it concluded that Smith failed to meet her burden to show that her on-going medical complaints were attributable to a work-related accident.
¶11. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING and SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER and GRIFFIS, JJ., concur.