CARLTON, J.,
Dissenting.
¶ 19. Because the record does not contain sufficient evidence to support the Commission’s decision, I respectfully dissent. I find that Holloway failed to meet his burden of proof and that the Commission’s decision was based on pure conjecture.
¶ 20. A worker’s compensation claimant bears the burden to prove “every essential element of the claim, and it is not sufficient to leave the matter to surmise, conjecture, or speculation.” Toldson v. Andersort-Tully Co., 724 So.2d 399, 402(11) (Miss.1998) (citations omitted). “The claimant generally bears the burden of proof to show an injury arising out of employment, and a causal connection between the injury and the claimed disability.” Penrod Drilling Co. v. Etheridge, 487 So.2d 1330, 1332 (Miss.1986). I find that Holloway’s own testimony and other evidence in the record undermined his claim for compensation such that the Commission was left to speculate as to whether Holloway’s injury arose out of his employment.
¶ 21. In his petition to controvert, Holloway alleged that he suffered a work-related injury on Friday, September 17, 2004. However, payroll records reveal that Holloway did not work from September 15, 2004 to September 19, 2004, due to Hurricane Ivan striking the Mississippi Gulf Coast on September 16, 2004. Prompted by the discovered factual impossibility surrounding his claim, Holloway filed an amended petition to controvert asserting that his injury occurred on September 10, 2004. Holloway further claimed that he was injured while laying pipe at the airport job site. However, payroll records show that he did not work at the airport on either September 10, *334 2004, or September 17, 2004. Moreover, the records reveal that Holloway did not work at the airport job site on any day between September 10, 2004 and September 17, 2004.
¶ 22. Additionally, Holloway presented to the Memorial Hospital in Gulfport, Mississippi at 7:58 a.m. on Friday September 17, 2004. Later, on October 6, 2004, Holloway came under the care of Dr. Eugene McNally and, specifically reported that he sustained an injury on September 17,2004. On October 8, 2004, Holloway gave a recorded statement to AmFed Insurance Company with his attorney present. Holloway again claimed that he was injured on September 17, 2004, while working at the airport site. Holloway also stated that he went to the hospital on the same day that he was injured. On October 12, 2004, Holloway gave a written statement that the accident occurred on September 17, 2004, at the airport site.
¶23. It is apparent from the record that the Commission did not base its decision on substantial evidence. The record is littered with Holloway’s declarations that he was injured on September 17, 2004. However, the record clearly shows that he did not work on September 17, 2004. Aside from Holloway’s assertion to the contrary, all of the evidence in the record contradicts his claim that he suffered a work-related injury. For these reasons, I contend that Holloway failed to meet his burden of proof. Accordingly, I would reverse the Commission’s grant of benefits to Holloway.
IRVING AND CHANDLER, JJ., JOIN THIS SEPARATE OPINION.