MISSISSIPPI EMPLOYMENT SECURITY COMMISSION *v.* WILKS

No. 42726 January 25, 1965 171 So. 2d 157

H. L. Hutcherson, Jackson, for appellant.

R. M. Sullivan, Hattiesburg, for appellee.

LEE, C. J.

## ON MOTION FOR COLLECTION OF COSTS

Theron C. Lynd, Circuit Clerk of Forrest County, filed his motion to require Mississippi Employment Security Commission to pay the costs in this case.

The claimant, Lynn Wilks, filed his claim with the Commission for the purpose of obtaining unemployment benefits. The Commission, after the several hearings, provided by law, denied the claim. Wilks then proceeded in the circuit court under Section 7388 Mississippi Code Annotated (1953), for a review of the denial of his claim. The court reversed the Commission and ordered the allowance of benefits. The Commission prosecuted an appeal to this Court, which reversed the judgment of the circuit court and reinstated the order of the Commission. The date of that decision was October 7, 1963, and costs were accordingly adjudged against Wilks. An execution against Wilks to collect the costs of the appeal was issued out of this Court to the sheriff

of Forrest County on June 12, 1964. No return thereon was made. On September 30, 1964, the clerk, by letter, sought to have the sheriff make his return on the execution, but did not succeed in doing so. Another such writ was issued on October 8, 1964, but still the sheriff of Forrest County has made no return.

In other words, the sheriff, if he sought advice, was misinformed or seems to have been unaware or ignorant of sections 4241 and 4242, Mississippi Code Annotated (1957), respecting the discharge of his duties.

Under section 1579 Mississippi Code Annotated (1957), the successful party recovers costs generally. But section 1581 thereof provides as follows: *"Successful party liable for certain costs. All costs accrued at the instance of the successful defendant in a suit, which cannot be collected out of the other party, may be collected from such defendant; and after return of 'no property' on execution against a plaintiff or complainant against whom costs were adjudged, execution may be issued against the successful defendant for all costs accrued at his instance and not paid or collected from the other party.* A successful plaintiff or complainant shall be liable for all the costs of the case accrued at his instance which cannot be collected from the defendants; and after return of 'no property' on execution against the defendant against whom costs were adjudged, execution may be issued against the successful plaintiff or complainant for all the costs of the case accrued at his instance not paid or collected from the defendant; and an unsuccessful plaintiff or complainant shall be liable for all the costs of the case." (Emphasis supplied).

However, the clerk, under this statute, has no authority to issue an execution for costs against the Commission until the return on the execution against Wilks is made, and then only if there is "no property".

But the Commission, in its response to the motion, says that it is not liable for any costs whatever. To

that end, counsel cites section 7435 Mississippi Code Annotated (1953), which is as follows: *"Limitation of fees.* No individual claiming benefits shall be *charged fees of any kind* in any proceeding under this Act by the board of review or the Commission, or their representatives, *or by any court or any officer thereof.* Any individual claiming benefits in any proceedings before the Commission or the board of review or their representatives or a court may be represented by counsel or other duly authorized agent; but no such counsel or agents shall either charge or receive for such services more than an amount approved by the board of review. Any person who violates any provision of this subsection shall, for each such offense, be fined not less than $50.00 nor more than $500.00, or imprisoned for not more than six months, or both." (Emphasis supplied).

A sufficient answer to the question, posed by the Commission, is found in the opinion of this Court on suggestion of error in the case of State Board of Registration for Professional Engineers v. Rogers, 239 Miss. 35, 44, 120 So. 2d 773, 121 So. 2d 720, 721 (1960). The question before the Court in that case was whether the board was liable for costs. The opinion said: "Appellant cites section 8923-51, Mississippi Code of 1942, which authorizes any state board authorized to hold examinations and grant license to practice any profession to bring suit in the proper county to enjoin and prohibit any person from unlawfully practicing a profession. The statute provides, '. . and no bond shall be required, and no damages, fees or other costs shall be taxed against said board for the bringing of such suit.'

"Appellant contends (1) that the lower court unlawfully taxed a part of the costs against appellant (the cost of its witnesses), and (2) this Court unlawfully taxed all the costs of appeal against appellant. *Appellant argues that it should not be taxed with any costs whatever.*

"We have carefully considered the statute relied upon by appellants as to whether it applies to ordinary court costs. It provides that '. . . no *damages, fees or other costs* shall be taxed against said board *for the bringing of such suit.'* (Emphasis added) The legislature did not indicate what it meant by 'other costs', and it evidently meant something different from the preceding 'damages, fees' but of the same general category. It used the phrase, '. . . for the bringing of the suit'. It did not name court costs incurred in *maintaining* the suit. It seems that the intent of the legislature was to exempt professional boards from being required to pay damages, fees and other items of the same category by reason of bringing the injunction suit. It apparently did not intend to exempt the boards from paying court costs incurred in maintaining the suit if the board loses the suit.

"Section 1572, Mississippi Code of 1942, provides that the state, counties, municipalities, state boards, and certain officers shall not be required to secure or pay costs before commencing a suit. It does not exempt the payment of costs.

"If we construe the statute according to appellant's contention it would permit the various professional boards to invoke the processes of the courts and leave the court officials with no source from which to collect costs if the board loses the suit. The statute should not be so construed unless it clearly and expressly relieves such boards from the payment of court costs. When the statute is considered in the light of the general statutes relating to costs, we are forced to the conclusion that it was not the intent of the legislature to exempt said boards from the payment of ordinary court costs when they are otherwise taxable against such boards.

"What has been said disposes of the matter of costs in the trial court and those incurred on appeal." (Emphasis supplied).

 As can be observed from the reading of section 7435, *supra,* the lead line is ''Limitation of fees.'' Nothing is said about court costs. The statute certainly does not exempt the Commission from such payment. In the absence of any provision by the legislature to that effect, the Court finds no warrant for it to declare the Commission to be immune from payment of costs, just as are lawfully imposed on all other litigants.

 But the Commission also says that this motion has not been timely made; that it is a motion to retax costs; and that such motion, under Rule 19 of the Revised Rules of the Supreme Court (1953), should be overruled.

This motion however is not one to retax costs. It contemplates the way and manner of collection thereof. Consequently Rule 19 is not involved.

 Counsel for the Commission also says that the third sentence in section 7421, Mississippi Code Annoted (1953), concerning the ''special fund'' therein named, provides as follows: ''All moneys in this fund shall be expended solely for the purpose of defraying the cost of the administration of this act, and for no other purpose whatsoever.'' Consequently he urges that payment of any court costs would be a diversion of the proceeds of this fund.

The Court does not think so. In the administration of public matters, some disputes and controversies can be reasonably anticipated. On rare occasions, litigation is involved. This becomes inevitable in the administration of this act. Payment of court costs, growing out of a litigated controversy, is a part of the costs of such administration. When and if court costs fall upon the Commission and are adjudged against it, in accordance with the statutes, it must pay the same just as any other litigant.

It then follows that the clerk of this Court shall forthwith issue a writ of execution against Lynn Wilks for

the payment of the accrued costs of the circuit clerk of Forrest County and the clerk of this Court. When that execution has been returned, as undoubtedly it will be in conformity to this direction of the Court, if the costs are collected, the matter will be at an end. If "no property" is found, then in lieu of collection thereby, an execution may be issued against the Commission for such costs, if it fails to pay the same.

Motion sustained.

All Justices concur.