662 So.2d 626 (1995)
Bruce COLEMAN
v.
MISSISSIPPI EMPLOYMENT SECURITY COMMISSION and Natchez Democrat.
No. 92-CC-00818-SCT.
Supreme Court of Mississippi.
October 5, 1995.
*627 W.D. Coleman, Jackson, for Appellant.
Fred J. Lotterhos, Jr., Jackson, for Appellee.
Before PRATHER, P.J., and BANKS and McRAE, JJ.
McRAE, Justice, for the Court:
This appeal from the Hinds County Circuit Court arises from a denial of unemployment compensation benefits pursuant to Miss. Code Ann. § 71-5-501 (1995). Bruce Coleman, a former employee of the Natchez Democrat, alleges that the newspaper wrongfully released him from employment before the effective date of his letter of resignation. Finding that Coleman was entitled to unemployment benefits, we reverse and remand to the Commission for a determination of the benefits due him.

I.
Bruce Coleman was hired by The Natchez Democrat as sports editor in January 1991. According to Coleman, The Natchez Democrat promised him a variety of new opportunities. During his three-month tenure with the paper, the job did not live up to his expectations. Ed Darling, president and publisher, constantly criticized his work and "subverted" the autonomy he had been promised. Coleman said he was not reimbursed for his mileage on out-of-town trips. His staff was cut in half from two writers and two photographers to one of each. He was required to stay late, often past midnight, to "galley proof" the sports section of the newspaper. Coleman discussed the problems with Darling and Joan Gandy, the managing editor, but nothing was resolved. He ultimately submitted a letter of intent to resign on March 19, 1991, effective March 31, 1991.
On March 22, 1991, when Coleman arrived to work, Gandy handed him a letter stating that she appreciated his hard work, but that she was terminating his employment, effective immediately. Gandy reported that her reason for doing this was "... it occurred to me that it was time to get on with what we had to do, which was start a new sports department."
Coleman filed his unemployment compensation claim with the Mississippi Employment Security Commission on April 26, 1991. The MESC Claims Examiner determined that Coleman had voluntarily quit his job without good cause. Coleman appealed this decision to the Appeals Referee, assigning as error that he was discharged before his resignation became effective, or in the alternative, that he quit with cause. At a June 26, 1991 hearing, the Appeals Referee amended his first decision, but both opinions denied Coleman's claim. The Appeals Referee originally stated that Coleman was being denied benefits due to misconduct, so a change was made in the second opinion to reflect the Claims Examiner's finding.
Coleman appealed to the Board of Review, which adopted the opinion of the Appeals Referee on August 19, 1991. The Hinds County Circuit Court affirmed the Board's decision, adopting the findings and conclusions of the Board of Review. Thereafter, Coleman timely perfected this appeal.

II.
This Court's scope of review is limited to the findings of the Board of Review, and an order by the Board on the facts is conclusive if supported by substantial evidence. Melody Manor, Inc. v. McLeod, 511 So.2d 1383, 1385 (Miss. 1987); see also Miss. Code Ann. § 71-5-531. Hence, judicial review is limited to questions of law. Barnett v. Mississippi Employment Security Comm'n, 583 So.2d 193, 195 (Miss. 1991).
Pursuant to Miss. Code Ann. § 71-5-513,
An individual shall be disqualified for benefits:
(1)(a) for the week, or fraction thereof, which immediately follows the day on which he left work voluntarily without good cause, if so found by the commission ...
The burden of proof is on the employer to show by substantial, clear and convincing evidence that the claimant is disqualified. Mississippi Employment Security Comm'n v. Gaines, 580 So.2d 1230, 1233 (Miss. 1991). A discharged employee need only show that he has been paid wages during a base period *628 for insured work, is unemployed and registered for work and "is able to work and is available for work" in order to establish entitlement to state unemployment benefits. Gaines, 580 So.2d at 1233; see also Miss. Code Ann. § 71-5-511.
Mississippi has followed the employment at will doctrine since 1858. However, a terminated employee is afforded protection under the Mississippi Employment Security Law when he is ready, willing and able to work, but when, through no fault of his own, he is unable to do so. McArn v. Allied Bruce-Terminix, 626 So.2d 603, 606 (Miss. 1993). Gaines, 580 So.2d at 1234; see also Miss. Code Ann. § 71-5-3. An employee who quits his job also may be entitled to unemployment compensation benefits. Gaines, 580 So.2d at 1233.
Coleman's is a "firing case," not a "quitting case." He tendered his two week written resignation and two days later, received what was, in effect, a letter of termination, which read as follows:
Thank you very much for the good work you have done for us since signing on with The Democrat as sports editor at the first of the year. I regret that you feel you cannot continue in the job but respect your personal decision to leave.
I also appreciate your willingness to remain on board through March 31. However, I believe that we all would be better served with a termination of your position here effective today.
In an analogous case, the Utah Supreme Court held that an employee was entitled to unemployment compensation benefits when he voluntarily resigned with a two week notice, but was terminated as of the date of his letter of resignation. West Jordan v. Morrison, 656 P.2d 445, 446 (Utah 1982). Noting that the intents and purposes of the State's Employment Security Act required it to look at "the immediate cause of the claimant's unemployment," the court stated that "[i]t was the employer's decision to terminate the claimant rather than accept his nature of resignation, which has led to the result now faced by the employer." Id. at 446. In Coleman's case, likewise, his employer erred in terminating him in response to his letter announcing his intent to resign. Had The Natchez Democrat merely accepted Coleman's resignation and paid him for the time he would have worked between March 22 and March 31, 1991, there might be no appeal today.

III.
Coleman's Request For Exemption From Costs apparently was not addressed by the lower court. He asserts that he should be exempt from paying court costs pursuant to Miss. Code Ann. § 71-5-537, which, in relevant part, provides:
No individual claiming benefits shall be charged fees of any kind in any proceeding under this chapter by the board of review, the commission, their representatives, or by any court or any officer thereof.
In Mississippi Employment Security Comm'n v. Wilks, 251 Miss. 744, 171 So.2d 157 (1964), we held that the Commission was not exempted from the payment of court costs. Wilks, 251 Miss. at 748, 171 So.2d 157. Wilks was predicated on the plain language of the statute, which clearly states that only individuals were to be exempted. Whether the statute was intended to cover attorney fees as well as court costs, was not addressed. Id. Other courts, however, have found any distinction between fees and court costs to be inconsequential. See e.g. Geiken v. Lutheran Home For The Aged Ass'n, 468 N.W.2d 223, 227 (Iowa 1991). To require Coleman to pay the court costs associated with this appeal would be contrary to the plain language of the statute. As an individual, he is therefore exempt.

IV.
An employee who is terminated without pay after indicating his intent to resign may be considered discharged and eligible for state unemployment benefits. Therefore, we find that Coleman was entitled to compensation, as well as for exemption from the court costs in pursuing this appeal. The case is remanded to the Commission for calculation of the benefits to which he is entitled.
REVERSED AND REMANDED.
*629 HAWKINS, C.J., PRATHER, P.J., and SULLIVAN, PITTMAN, BANKS, JAMES L. ROBERTS, Jr. and SMITH, JJ., concur.
DAN M. LEE, P.J., not participating.