KING, P.J.,
for the Court:
¶ 1. The City of Clarksdale (the City) appeals a judgment of the Circuit Court of Coahoma County that affirmed a ruling by the Mississippi Employment Security Commission (MESC) granting unemployment benefits to Raymond L. Smith. Finding there was substantial evidence to support the MESC’s decision, we affirm.
THE FACTS
¶ 2. Raymond L. Smith was employed by the City of Clarksdale from May 30, 1996 to August 14, 1996 as a summer employee. Smith worked in the City’s Public Works Department repairing vehicles which were used to pave the City’s streets. He had also worked for the City the previous summer in a similar position. Smith’s salary was $4.25 an hour, the minimum wage. His services were terminated at the end of the summer which was also the end of the City’s street paving season.
¶ 3. Before Smith was terminated, he was offered a full time position as an equipment and truck painter, even though the position offered him was not yet created and not included in the City’s budget. James Butler, the City’s Public Works Di *484 rector, wanted to employ Smith in such a position and testified that he felt as though his recommendation for the new position would be approved by the City. Butler indicated that he could employ Smith in the City’s Shop at minimum wage until such time as the new painter’s position was officially approved. Charlie Ashmore, Smith’s supervisor, informed Smith that the painter’s position would pay him minimum wage, but that minimum wages were set to increase in October of that year. According to Butler and Ashmore, Smith declined the offer because the rate of pay was too low. Consequently, Butler did not follow-up with the City to create the position he wanted for Smith.
¶ 4. After his position with the City was terminated, Smith applied with the MESC for unemployment benefits. The City reported to the MESC that Smith had been terminated at the end of the summer because there was no longer any work for him. The claims examiner reviewing Smith’s application notified the City that Smith was eligible for unemployment benefits stating: “We have investigated the claimant’s eligibility for benefits and determined that the claimant was separated when the summer ended. Your (the City’s) account is chargeable for benefits paid during the current benefit year.” The City appealed the decision of the examiner asserting that Smith had quit voluntarily without good cause.
¶ 5. A hearing was held before a MESC Appeal’s Referee. After hearing testimony from Butler and Ashmore and reviewing the MESC’s file on the matter which was made part of the record, the Referee agreed with the examiner’s decision that Smith was entitled to unemployment benefits. The Referee specifically found:
Claimant was employed [sic] a full time, temporary summer worker with the City of Clarksdale, Mississippi, from May 15, 1995, until August 15, 1995, and again from May 28, 1996, to August 14, 1996. He was hired as a summer helper assisting during the summer paving operation. He was laid off at the end of each paving season due to lack of work, however, he was offered a position as a painter at the end of the 1996 season.
The Referee concluded that the City failed to establish that Smith was discharged for misconduct or that he left his employment voluntarily without good cause and that the “claimant may have been offered other work at the end of the 1996 season.” While the Referee noted the possible offer of employment, she affirmed the examiner’s finding that Smith was eligible for unemployment benefits.
¶ 6. The City appealed the matter to the MESC’s Board of Review. Affirming the decision of the Appeals referee, the Board of Review adopted the Referee’s findings and conclusions. On appeal to the circuit court, a hearing was held and briefs were submitted to the court by the parties. In upholding the decisions of the Board of Review and the Appeals referee that Smith was eligible for benefits, the circuit court opined that there was substantial evidence supporting the decisions and that the law was correctly applied to the facts of the case.
THE ISSUES
¶ 7. The City assigns the following errors on appeal:
1. THE CIRCUIT COURT ERRED IN RULING THAT THE DECISION OF THE MISSISSIPPI EMPLOYMENT SECURITY COMMISSION WAS BASED ON COMPETENT AND SUBSTANTIAL EVIDENCE.
2. THE CIRCUIT COURT ERRED IN RULING THAT THE MISSISSIPPI EMPLOYMENT SECURITY COMMISSION CORRECTLY APPLIED THE APPLICABLE LAW WHEN IT FOUND THAT THE CITY OF CLARKSDALE FAILED TO SHOW THAT THE CLAIMANT VOLUNTARILY LEFT WORK WITHOUT GOOD CAUSE.
*485 3. THE CIRCUIT COURT ERRED IN FAILING TO DISQUALIFY SMITH FOR THE BENEFITS WHEN HE REFUSED TO ACCEPT SUITABLE WORK OFFERED TO HIM BY THE CITY OF CLARKSDALE.
DISCUSSION

Standard of Review

¶ 8. Judicial review of a decision of the Mississippi Employment Security Commission is governed by section 71-5-531, of the Mississippi Code, as amended, which provides in pertinent part: “In any judicial proceedings under this section, the findings of the board of review as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of said court shall be confined to questions of law.” Miss.Code Ann. § 71-5-531 (Rev.1995). Moreover, there is a rebuttable presumption in favor of the MESC’s decision, and the City has the burden of proving otherwise. Allen v. Mississippi Employ. Sec. Comm’n, 639 So.2d 904, 906 (Miss.1994). Furthermore, we are not permitted to reweigh the facts of this case or insert our judgment for that of the MESC. Id.
1. THE CIRCUIT COURT ERRED IN RULING THAT THE DECISION OF THE MISSISSIPPI EMPLOYMENT SECURITY COMMISSION WAS BASED ON COMPETENT AND SUBSTANTIAL EVIDENCE.
¶ 9. The City argues that the circuit court erred in determining that there was substantial evidence to support the findings of the appeals referee which were later adopted by the Board of Review. Because the City was the only party to present any testimony at the hearing before the referee, it contends that such testimony was unrebutted. According to the City, the uncontradicted facts from such testimony are as follows: (1) that Smith was originally employed as a temporary employee; (2) that prior to his termination, Smith was offered continued employment with the City; (3) that Smith would be paid the same wages as he was earning as a summer worker; (4) that Smith refused the offer of employment because the position “did not pay enough money;” and (5) that Smith was qualified for the position offered him. In its argument, the City asserts that it does not contest the-findings of the appeals referee, but charges that the evidence fails to support a finding that Smith was entitled to unemployment benefits.
¶ 10. To be entitled to unemployment benefits, “a discharged employee need only show that he has been paid wages during a base period for insured work, is unemployed and registered for work and ‘is able to work and is available for work’.... ” Coleman v. Mississippi Employ. Sec. Comm’n, 662 So.2d 626, 627-8 (Miss.1995) (quoting Mississippi Employ. Sec. Comm’n v. Gaines, 580 So.2d 1230,1233 (Miss.1991) (superceded by statute on other grounds)) and Miss.Code Ann. § 71-5-511 (Rev.1995). Pursuant to Mis- ■ sissippi’s Employment Security Laws, generally, a discharged employee is afforded the protections of these laws when he is willing and able to work, “but through no fault of his own, is unable to do so.” See Coleman, 662 So.2d at 628. In this case, Smith submitted documentation of his wages earned while employed with the City. According to Butler and Ashmore, his employment was terminated on August, 15, 1996. Based on the examiner’s decision to grant benefits, we can only assume that Smith sufficiently established that he was, at that time, unemployed, registered for work and was able and available for work.
¶ 11. At the hearing before the appeals referee, the MESC’s entire file in this matter was made part of the record. The Referee heard testimony from James Butler, Public Workers Director for the City of Clarksdale and Charlie Ashmore, Smith’s supervisor. The testimony from each was substantially the same and confirmed that Smith was a summer employee *486 for the City and was offered a position prior to his termination. It is undisputed that the position which Smith was offered had not been requested, approved or budgeted. Butler testified that if Smith had accepted the offer, he intended to submit a proposal to the City for approval of the position and its addition to the Department of Public Works’ budget for the 1997 year. It is apparent from the testimony that Butler did not have the authority to permanently employ Smith in the painter’s position and could not have done so without the City’s approval, though he indicated confidence that the City would approve the position.
¶ 12. “Where there is the required substantial evidence, this [C]ourt has no authority to reverse the circuit court’s af-firmance of the decision of the Board of Review.” Richardson v. Mississippi Employ. Sec. Comm’n, 593 So.2d 31, 34 (Miss.1992) (citations omitted). Though the term “substantial evidence” is not easily described, it has been stated that “substantial evidence”
means something more than a “mere scintilla” of evidence, and that it does not rise to a level of “a preponderance of the evidence.” It may be said that it “means such relevant evidence as reasonable minds might accept as adequate to support a conclusion. Substantial evidence means evidence which is substantial, that is, affording a substantial basis of fact from which the fact in issue can be reasonably inferred.”
Toldson v. Anderson-Tully Co., 724 So.2d 399, 401 (¶ 10) (Miss.Ct.App.1998) (quoting Delta CMI v. Speck, 586 So.2d 768, 772-73 (Miss.1991)). Additionally, the Mississippi Supreme Court has held that whether an employee was discharged or voluntarily quits is a question of fact for the MESC to determine. Mississippi Employ. Sec. Comm’n v. Georgia-Pacific Corp., 394 So.2d 299, 303 (Miss.1981) (ruling that circuit court erred in holding that the “MESC did not have the right to decide whether the claimants were voluntarily or involuntarily unemployed”).
¶ 13. The Board of Review and the circuit court in this case adopted the findings of the appeals referee that Smith was discharged for lack of work. Butler and Ash-more testified that Smith was let go because there was no further work for him to do in the position he held. The factual findings of the MESC are conclusive, and we are under an obligation to affirm such conclusion where there is substantial evidence to support the findings. Because there was evidence amounting to more than a “scintilla” to support the MESC’s finding that Smith was discharged for lack of work, we are without authority to reverse.
2. THE CIRCUIT COURT ERRED IN RULING THAT THE MISSISSIPPI EMPLOYMENT SECURITY COMMISSION CORRECTLY APPLIED THE APPLICABLE LAW.
¶ 14. Here, the City challenges the circuit court’s affirmance of the MESC’s decision on the ground that the appeals referee, whose findings were adopted by both the Board of Review and the circuit court, applied the wrong legal standard to the proceedings which led to her decision. Prior to hearing testimony, the appeals referee instructed the City that it would be responsible for establishing that Smith voluntarily left his employment, without good cause attributable to it. The City argues on appeal that this standard was clearly erroneous and requires us to reverse and remand for a new hearing. Section 71-5-513(A)(1)(c) of the Mississippi Code, as amended, provides: “(c) The burden of proof of good cause for leaving work shall be on the claimant, and the burden of proof of misconduct shall be on the employer.” Miss.Code Ann. § 71-5-513(A)(1)(c) (Rev.1995) (emphasis added).
¶ 15. At the start of the hearing before the appeals referee, the examiners’ file in this case was made part of the record. This file was made a part of the record prior to the receipt of any live testimony. Even though Smith was not present at the hearing and did not offer live testimony, the examiner’s file was in evidence and *487 established that Smith was entitled to the unemployment benefits. The examiner determined that Smith had met his burden of proof and was eligible for unemployment benefits. Because the examiner’s file was made part of the record on appeal to the Referee, there was evidence offered to support Smith’s position that he left his employment for a good cause, that is, that he was discharged.
¶ 16. As the City points out, the claimant is saddled with the burden of establishing that he left his employment for good cause. However, in this case, the claimant was in the place of a defendant having already established that he was entitled to the unemployment benefits as the examiner determined. Because the City raised the issue that the examiner’s decision was wrong, the burden shifted to the City to come forward with evidence to rebut that evidence previously given to the claims examiner and made a part of the record before the appeals referee.
¶ 17. The City advances that it has met such a burden in the testimony of Butler and Ashmore. Whether the testimony was sufficient to show that Smith had failed to meet his burden of showing that he was discharged for lack of work was a question for the appeals referee to resolve. Here, the referee obviously decided that Smith met his burden in this regard and was entitled to unemployment benefits. Because the referee first made the claims examiners’ file a part of the record, he did not inappropriately shift the burden of proof. We find no error in the MESC’s application of the law in this case.
3. THE CIRCUIT COURT ERRED IN FAILING TO DISQUALIFY SMITH FOR THE BENEFITS WHEN HE REFUSED TO ACCEPT SUITABLE WORK OFFERED TO HIM BY THE CITY OF CLARKSDALE.
¶ 18. Under this assignment of error, the City again asserts that the appeals referee and consequently the MESC and the circuit court have misapplied the facts of this case to the law. The City argues that because Smith refused to “accept suitable work when offered” that he should have been denied unemployment benefits. Section 71-5-513(A)(3)(a) provides that an employee is ineligible for unemployment benefits where the employee “failed, without good cause, ... to accept suitable work when offered him....” Miss.Code Ann. § 71-5-513(A)(3)(a) (Rev.1995).
¶ 19. Based on the testimony of Butler and Ashmore, there is no real question that Smith was qualified to do the work offered him. The problem here is that the offer was not made in good faith, as Smith could not be assured that the City would approve the creation of the position when it was offered to him. The appeals referee apparently was unconvinced that a genuine offer of employment was made to Smith because in his opinion he qualified his af-firmance of the examiner’s decision by stating that the “claimant may have been offered continued employment.” This assignment of error is without merit.
¶ 20. THE JUDGMENT OF THE CIRCUIT COURT OF COAHOMA COUNTY IS AFFIRMED ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, COLEMAN, DIAZ, IRVING, LEE, PAYNE, AND THOMAS, JJ., CONCUR.