MYERS, J.,
for the Court.
STATEMENT OF FACTS
¶ 1. On September 23, 2000, Donald E. Griffin filed a complaint in the Circuit Court of Kemper County, alleging wrongful termination by the Kemper County School District. Griffin was employed as the School Food Service Director, a job he held from 1990 until March 27, 2000.
¶ 2. On June 18, 1999, the Kemper County School Board renewed Griffin’s *1140 contract for a ninety day probationary period. This probationary period was effective from July 1, 1999, through October 1, 1999. As outlined in the probationary plan, Griffin was to abide by a nine step “Plan of Improvement” which included the following:
1. Treat all employees with respect.
2. Cease claiming in-district travel as this is not authorized by the Board.
3. Monitor all areas of food purchasing to ensure adequate profit is generated.
4. Abide by all board policies for purchasing.
5. Sign all requisitions with your original signature.
6. Monitor cash variances and investigate any shortages or overages.
7. Proof all figures to ensure there is no overclaim on future reports.
8. Maintain and submit a current inventory monthly.
9. Ensure the accuracy of indirect cost calculations and submit in a timely fashion.
¶ 3. As a condition of this probation, a hearing was to be held on October 1, 1999, at which time a determination would be made as to whether or not Griffin’s contract would be renewed for the remainder of the year and whether Griffin would be given a raise. October 1, 1999, came and went without an evaluation having occurred and Griffin’s employment was not again addressed until March 27, 2000, at which time he was terminated. Griffin was released for “failure to follow Board Policies and Procedures and other proper Policies and Procedures; as well as for lack of proper accountability for Kemper County School District property and Funds.” After being dismissed, Griffin filed this action, alleging wrongful termination. On February 14, 2003, the Kem-per County School District filed its motion for summary judgment, which was granted on April 15, 2003. It is from the circuit court’s decision to grant this motion from which Griffin appeals, raising the following issue:
I. WHETHER THE TRIAL COURT ERRED IN GRANTING KEMPER COUNTY SCHOOL DISTRICT’S MOTION FOR SUMMARY JUDGMENT.
¶ 4. Finding na error, we affirm.
LEGAL ANALYSIS
I. WHETHER THE TRIAL COURT ERRED IN GRANTING THE KEM-PER COUNTY SCHOOL DISTRICT’S MOTION FOR SUMMARY JUDGMENT.
STANDARD OF REVIEW
¶ 5. “This Court employs a de novo standard of review of a lower court’s grant or denial of summary judgment and the evidence must be viewed in the light most favorable to the party against whom the motion has been made.” Jackpot Mississippi Riverboat, Inc. v. Smith, 874 So.2d 959, 960(¶ 4) (Miss.2004) (citations omitted).
DISCUSSION
¶ 6. Griffin correctly states that there are two avenues one employed in the education field may pursue in a wrongful termination action. The first option available to those working in education is the process prescribed by Mississippi Code Annotated § 37-9-59 (Rev.2001). Griffin agrees that § 37-9-59 does not apply to his dismissal, as he does not meet the definition of a “licensed employee” as defined by Mississippi Code Annotated § 37-9-1 (Rev.2001). As Griffin agrees that the procedure set forth in § 37-9-59 is inappli *1141 cable, we focus our analysis on the second option, the employment-at-will doctrine.
¶ 7. Mississippi recognizes the employment-at-will doctrine. Coleman v. Mississippi Employment Sec. Comm’n, 662 So.2d 626, 628 (Miss.1995). Under this doctrine, employment may be terminated without cause with two narrowly tailored exceptions. The first exception to this doctrine, known as the illegal act exception, states that an employee may recover civilly for wrongful termination when he or she refuses to participate in an illegal act or reports an illegal act, and this forms the basis for the employee’s termination. McArn v. Allied Bruce-Terminix Co., Inc., 626 So.2d 603 (Miss.1993). The second exception to the employment-at-will doctrine recognized by the Mississippi Supreme Court is known as the employee handbook exception. Bobbitt v. Orchard, Ltd., 603 So.2d 356 (Miss.1992). This exception, which is pertinent to the case sub judice, states that when an employer publishes a manual setting forth the procedures which will be followed in the event of an employee’s infraction of the rules, and there is nothing in the employment contract to the contrary, the employer will be required to follow its own manual in disciplining or discharging employees for infractions or misconduct specifically covered by the manual. Id.
¶ 8. Griffin acknowledges that he does not fit precisely within either of these two exceptions. Griffin further acknowledges that he was an at-will employee. Griffin argues that his case would fit under the employee handbook exception because the minutes of the June 18, 1999, school board meeting created an amendment to the Kemper County School District manual. It is Griffin’s contention that by agreeing to hire him on a probationary basis, the school board adopted an alternative method under which Griffin would be retained or dismissed. In support of this contention, Griffin cites the following:
The question in this case is when an employer furnishes its employees a detailed manual stating its rules of employment, and setting forth procedures that will be followed in event of infraction of its rules of employment, can it completely ignore the manual in discharging an employee for an infraction clearly covered by the manual? Put otherwise, when an offense specifically covered by the employer’s own manual provides no more severe disciplining than a warning or counseling of the employee, may the employer pay no attention to the manual and fire the employer instead?
We hold the employer to its word.
Bobbitt, 603 So.2d at 361.
¶ 9. Griffin stresses the language “[w]e hold the employer to its word” stating that the school board in essence broke its word by dismissing him after the probationary period. A quick search of the record before us reveals a photocopy of the “Staff Grievances — All Employees” portion of the Kemper County School District staff manual. This portion states:
Staff members are encouraged to settle grievances through direct consultation and discussion with their immediate supervisors. If a complainant is not satisfied with the proposed resolution of his/ her complaint, the following grievance procedures, affording the employee due process, shall be followed. (See policy GBNA for Due Process procedures for Certified Personnel dismissal or release.)
*Don’t grant hearing rights to “At will” employees (emphasis added).
¶ 10. Clearly, the Kemper County School District manual does not guarantee hearing rights to at-will employees and we must “hold the employer to its word” that *1142 such rights will not be granted. As Griffin concedes that his employment status was that of at-will and being mindful of the second exception to the at-will-employment rule, Griffin still does not fit within this exception. The manual itself clearly states the procedure the school board is to follow, which it did follow. Therefore, the circuit court’s grant of summary judgment was proper.
¶ 11. THE JUDGMENT OF THE CIRCUIT COURT OF KEMPER COUNTY IS AFFIRMED. ALL COSTS OF APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., BRIDGES AND LEE, P.JJ., CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ. CONCUR. IRVING, J., CONCURS IN RESULT ONLY.