228 So.2d 867 (1969)
AMERICAN POTASH & CHEMICAL CORPORATION and Argonaut Insurance Company
v.
E.L. REA.
No. 45493.
Supreme Court of Mississippi.
November 17, 1969.
Rehearing Denied December 15, 1969.
K. Hayes Callicutt, Satterfield, Shell, Williams & Buford, Jackson, for appellant.
Johnny N. Tackett, Aberdeen, for appellee.
INZER, Justice:
This is an appeal by American Potash and Chemical Corporation and its carrier from a judgment of the Circuit Court of Monroe County affirming an order of the Workmen's Compensation Commission which awarded appellee-claimant temporary total disability benefits as a result of an accidental injury. We reverse and remand to the commission for further proceedings in accordance with this opinion.
Claimant E.L. Rea was injured on October 28, 1966, when he came into contact with and inhaled chlorine gas or some other irritating substance. This substance momentarily stopped his breathing and caused him to start coughing and resulted in pain in his chest. After exposure claimant was rendered first aid treatment which consisted of inhaling oxygen for more than an hour. His foreman then sent him to Dr. W.C. Fulton, the company physician.
Dr. Fulton found claimant to be suffering from an allergic reaction to the upper respiratory tract. He saw claimant on October 28, 29, 30 and 31, and it was his opinion that claimant did not suffer any disability and was able to return to work. He said that he advised claimant to return to work. However, claimant continued to have pain in his chest and burning in the nose and coughing. He sought and obtained further medical treatment from Dr. L.R. Murphree who examined claimant on November 3, 1966, and diagnosed that the claimant was suffering from bronchitis which was caused by a chemical irritant. Dr. Murphree continued to treat the claimant and it was his opinion that claimant reached maximum medical recovery on April 11, 1967, after which it was his opinion that claimant had suffered a fifteen percent permanent disability to the body as a whole. It was also his opinion that it *868 was likely and probable that claimant's disability would increase as he grew older.
Claimant testified that he had been exposed to chlorine gas about two months before this occasion while working for appellant and that he was hospitalized for two days as a result of this episode. He testified as a result of his injuries he was real short of breath and often hurt in the chest. He stated that after the last injury he called his employer on the following Tuesday and reported that he was still weak but would like to come back to work. He was advised to come to the office and when he reported to the office he was informed that his employment had been terminated. At the time of the hearing he was working for Monroe Manufacturing Company and was earning $2.19 1/2 per hour. He was not asked when he went to work for Monroe Manufacturing Company but the record shows that it was prior to April 11, 1967. After a hearing the attorney referee made the following findings of fact:
(1) That the claimant, Elmer Lee Rea, did in fact sustain an accidental injury on October 28, 1966, while performing duties growing out of and in the course of his employment with the employer;
(2) That as a result of the aforesaid injury claimant reached maximum medical recovery on April 11, 1967;
(3) That the proof fails to establish that claimant suffered any appreciable or significant loss of wage earning as a result of the aforesaid injury; and
(4) That prior to said injury claimant received an average weekly wage of $80.
The order of the attorney referee required appellant to pay claimant temporary total benefits for the period commencing on October 29, 1966, and ending on April 11, 1967, and to pay for and provide medical services and supplies for the same period.
Appellant filed a petition for review by the full commission and thereafter filed a petition to correct the record or in the alternative to reopen the case for further proof in order that it could be shown that the date claimant went to work for Monroe Manufacturing Company was November 7, 1966, and that claimant's pay was $2.00 per hour which was later raised to $2.19 1/2 per hour. The commission denied the petition to reopen and affirmed the order of the attorney referee. Upon appeal to the circuit court the order of the commission was affirmed.
Appellants contend that the circuit court was in error in affirming the order of the commission for the reason that the burden of proof was upon the claimant to establish the degree of his disability and that he did not meet this burden, and that under these circumstances the commission abused its discretion in refusing to reopen the case for further proof on this issue.
We are of the opinion that the burden of proof was upon the claimant to establish the degree of his disability. The degree of disability, whether permanent or temporary, involves (1) actual physical injury and (2) loss of wage earning capacity. The burden was upon claimant not only to show a loss of wage earning capacity but also to show the extent thereof. Claimant established his injury and the loss of wage earning capacity, but he failed to prove the extent thereof. Under these circumstances there is no substantial evidence to support the finding of the commission that claimant was entitled to temporary total benefits for the full period allowed and we cannot affirm this case. The commission could not draw the inference that his loss of wage earning capacity continued until April 11, 1967, because the record shows that he was working for his new employer on April 1, 1967.
The circuit court was in error in affirming the order of the commission. It should have affirmed the finding of the commission that claimant had suffered a compensable injury but should have reversed that part of the order which directed appellants to pay to claimant temporary total benefits *869 from the date of injury to April 11, 1967, and remanded the case to the commission for further proof on the question of the extent of claimant's loss of earning capacity. For this reason the judgment of the circuit court affirming the order of the commission will be reversed; the finding of the commission that the claimant suffered a compensable injury will be affirmed and the cause remanded to the commission for further proof on the question of the degree of claimant's disability. A hearing on this issue will necessarily involve the question of temporary total disability, temporary partial disability, and permanent partial disability, and both employer and claimant should be afforded the opportunity to introduce any further evidence that is pertinent to the issue involved.
Reversed and remanded to the Commission for further proceedings.
GILLESPIE, P.J., and RODGERS, BRADY and ROBERTSON, JJ., concur.