LEE, P.J.,
for the Court.
PROCEDURAL HISTORY AND FACTS
¶ 1. On September 7, 2001, Pamela Moore was working at Mueller Copper Tire Company, Inc. (Mueller). Moore had worked at Mueller for approximately eighteen years and, on this particular day, was working as an ACR helper. As an ACR helper, Moore was responsible for running copper tubing into a printer for labeling. On the day in question, Moore was using a towel to blot smeared ink from the tubing and the printer wheel when the towel became caught in the wheel, pulling her left hand into the wheel and severing two of her fingers. Ultimately, Moore had the top sections of her first and second fingers of her left hand amputated.
¶ 2. On January 28, 2002, Moore filed a petition to controvert, alleging that she received a compensable injury to her fingers. On May 7, 2002, Moore reached maximum medical improvement and returned to work in the same capacity.
¶ 3. After a hearing on May 21, 2003, the administrative law judge entered an order on October 28, 2003, denying Moore permanent partial disability benefits. Moore then appealed to the full Mississippi Workers’ Compensation Commission alleging that the administrative law judge erred in determining the extent of Moore’s permanent disability. Following a hearing, the Commission, on March 11, 2004, entered an order affirming the decision of the administrative law judge. Moore then appealed to the Itawamba County Circuit Court, which affirmed the decision of the Commission on October 14, 2004. Moore now appeals to this Court asserting the following issue, which we cite verbatim: “Whether the Circuit Court and the Mississippi Workers’ Compensation Commission committed reversible error by affirming the administrative law judge’s assessment and finding of Pamela J. Moore’s permanent partial disability and corresponding award.”
¶ 4. Finding no error, we affirm.
STANDARD OF REVIEW
¶ 5. In contested compensation proceedings, the Commission, and not the administrative judge, acts as the ultimate fact-finder. R.C. Petroleum, Inc. v. Hernandez, 555 So.2d 1017, 1021 (Miss.1990). On appeal, this Court is obligated to give substantial deference to the findings of fact made by the Commission and may disturb such findings only if they are not supported by substantial evidence. Natchez Equip. Co. v. Gibbs, 623 So.2d 270, 273 (Miss.1993); Pilate v. Int’l Plastics Corp., 727 So.2d 771, 774(¶ 12) (Miss.Ct.App.1999). It is the claimant’s burden to establish her entitlement to compensation, and the question of the existence and extent of any permanent disability arising out of a work-related injury is a question of fact for the Commission to determine based on the evidence before it. Am. Potash & Chem. Corp. v. Rea, 228 So.2d 867, 868 (Miss.1969); Ware v. Hillcraft Furniture, 724 So.2d 512, 516(¶ 33) (Miss.Ct.App.1998).
DISCUSSION
¶ 6. In her only issue on appeal Moore argues that the trial court and the Commission erred in affirming the decision of the administrative law judge. Specifically, Moore asserts that there was substantial evidence in the record to award her permanent partial disability. We disagree with Moore and find that, for the following reasons, there was substantial evidence to deny Moore permanent partial disability benefits.
¶ 7. Dr. Douglas Alan Pritchard, a hand surgeon, treated Moore in the emergency room immediately after the accident. Af *1165 ter a follow-up examination on October 1, 2001, Dr. Pritchard released Moore to light duty work for two weeks, then normal duty. On November 14, 2001, Dr. Pritchard determined that Moore had reached maximum medical improvement and assessed a permanent impairment rating of eleven percent to her hand and ten percent to her arm. Moore returned to Dr. Pritchard complaining of swelling, but no swelling was detected and Moore was offered physical therapy. Moore was then referred to Dr. Kurt Thorderson, an ortho-paedic surgeon.
¶ 8. Dr. Thorderson treated Moore on several occasions after her accident. After performing a surgery on Moore’s middle finger on February 15, 2002, Dr. Thorder-son stated that Moore could return to work six weeks after this surgery with no specific work restrictions. Dr. Thorderson also testified that he examined Moore on May 7, 2002. During this examination, Moore did not complain of any pain, stating that she was working, performing the same job she held prior to the accident with no reduction in wages. Dr. Thorder-son noted that Moore had good range of motion in her fingers and did not complain of tenderness during the examination of her hand.
¶ 9. Dr. Thorderson concluded that Moore had reached maximum medical improvement, assessing a seventy percent permanent impairment to the middle finger which extrapolated to a fourteen percent permanent impairment to the hand. Dr. Thorderson also assessed an eight percent permanent impairment rating to her hand resulting from the injury to Moore’s index finger. Moore was assessed a total twenty-one percent total hand impairment or a nineteen percent upper extremity impairment.
¶ 10. Martha Davis, the employer representative, testified that no accommodation had been made for Moore once she returned to full duty without restrictions. Davis also stated that Moore was an excellent employee. Moore herself testified that she has been able to perform her job at the same rate of other employees. Moore did modify her job performance by asking to be allowed to work with larger copper tubing as it is easier to grasp. However, Moore is performing the same job and earning the same wages or higher than prior to her injury.
¶ 11. We find there was substantial evidence for the Commission to deny Moore permanent partial disability benefits; thus, we affirm.
¶ 12. THE JUDGMENT OF THE ITAWAMBA COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., MYERS, P.J., IRVING, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ„ CONCUR. ROBERTS, J., NOT PARTICIPATING.